ANDREWS v. KIBBEE.

Stephen C. Andrews v. Henry C. Kibbee and others.

Henry C. Kibbee v. Stephen C. Andrews and others.

*Cross bill, its nature and purpose.*—A cross bill for relief is always designed for the purpose of enabling a defendant to avail himself of some defense which can only be made complete by granting him some affirmative relief against complainant or against some co-defendant. It must be strictly confined to the matters involved in the original cause. Where a bill introduces other distinct matters, it is an original bill, and the suits are separate and distinct.

A judgment creditor filed his bill in equity to enforce the payment of the judgment, making one a defendant who was alleged to be indebted to, and also a fraudulent grantee of, the judgment debtor. This defendant afterwards filed his bill against the complainant, claiming to have become the owner of the debt for which the judgment was rendered, and of a collateral mortgage given to secure it, and praying to have his title to these securities established. The judgment debtor (who was the mortgagor in the collateral mortgage) and the holder of a prior mortgage were also made parties, and the bill prayed leave to redeem from the prior mortgage, and the foreclosure of the other. Held, that this was an *original*, and not a *cross* bill.

*Parties to judgment creditor's bill.*—Where the judgment creditor had assigned the demand upon which the judgment was rendered, to secure a debt of equal amount, it was held, that the assignee alone, or those succeeding to his rights, could bring suit in equity to enforce the judgment. The nominal residuary interest in equity of the assignor, could not entitle him to bring suit, unless it should be alleged in his bill that the assignee neglected or refused to do so, under circumstances calculated to prejudice his rights.

The fact that, in such a case, one of the defendants has become the assignee, will not enable the complainant to sustain his bill, which avers the ownership to be in himself; since the testimony showing the assignment, would also show that complainant had no right of action such as he set out in his bill.

*Heard May 14th, 19th and 20th. Decided December 4th.*

Appeal by Stephen C. Andrews, from decree made by the Wayne Circuit Court in Chancery. The facts, and the nature of the pleadings, sufficiently appear by the opinion.

*J. P. Whittemore* and *S. T. Douglass*, for the appellant, argued that, notwithstanding the assignment of the Porter Kibbee bond and mortgage to Henry C. Kibbee, Andrews had such an interest as entitled him to maintain a creditor's bill:—3 *Edw. Ch.* 106; 2 *Barb. Ch. Pr.* 174; 1 *Hill on Mort.* 516. And that relief might be had on the case as it stands. Relief may be given on facts disclosed by answer:—10 *Yerg.* 118; 8 *Dana*, 183; 7 *Yerg.* 30, 36.

*D. C. Holbrook* and *G. V. N. Lothrop*, for Henry C. Kibbee, insisted that the second bill was not a *cross*, but an *original* bill. The bill of Andrews avers the judgment debt to be his own. The answer of Henry C. Kibbee is silent on the subject of this ownership, but notwithstanding this, the averment in the bill, being material, must be proved: — 2 *Ohio*, 415; 6 *Cranch*, 51; 3 *Bibb*, 536; 21 *Ill.* 40; 2 *Gilm.* 67; 14 *Ark.* 641; 5 *Mich.* 179. But the averment is shown to be untrue, and that bill was therefore properly dismissed.

CAMPBELL J. :

These cases having been heard together, and it being claimed on the one hand, and denied on the other, that they are to be regarded as cross suits, and affected by the rules governing those, it becomes necessary, before referring to the peculiar form of the issues, to refer to such of the facts as may bear upon that portion of the controversy.

Porter Kibbee some years ago executed to William S. Driggs a bond for $5000, and an accompanying mortgage on certain property, which was incumbered by previous mortgages made by prior owners. This bond and mortgage were assigned by Griggs to Stephen C. Andrews, who, on the fifth of March, 1858, assigned them to his uncle James Andrews, to secure two notes for $2,700 each, payable respectively April 1, 1859, and April 1, 1860. In June, 1859, Stephen C. Andrews, who had retained the bond in his possession, sued Porter Kibbee upon it, in the name of Driggs for the use of said Stephen, and obtained judgment upon it September 12, 1859, and upon that judg_ ment, after the return of an execution, filed a creditor's bill in his own name, claiming to be the sole owner of the claim, making no allusion to James Andrews or his interests, and bringing in Henry C. Kibbee as indebted to

ANDREWS v. KIBBEE.

Porter Kibbee upon alleged joint dealings, and as having taken the title to certain land from Porter Kibbee, with intent to hinder and defraud his creditors. The Buhls were brought in as purchasers of the same land. This bill was filed December 21, 1859, and was defended by Henry C. Kibbee, and proofs were taken from time to time on both sides. In March, 1861, Henry C. Kibbee purchased the securities which had been given by Stephen C. Andrews to James Andrews, and the bond and mortgage assigned as before mentioned. In August, 1861, he filed a bill to establish his title to the securities, and to foreclose the mortgage, making as defendants, George W. Bissell, as holding the prior incumbrances, which he claimed the right to redeem, Porter Kibbee, as mortgagor, and Stephen C. Andrews, as assignor of the securities, charged with having asserted a right to collect them for himself by the proceedings at law and in equity first mentioned, and as having colluded with Bissell to defeat the equity of redemption in the mortgaged premises by previous foreclosure purchases in Bissell's name. The Court below authorized Henry C. Kibbee to sue at law on the notes against Stephen C. Andrews, dismissed the bill of the latter, and granted a decree allowing a redemption and sale of the mortgaged premises, but directing the proceeds to be paid into court to be distributed as should be found proper on a subsequent inquiry.

Before examining into the other questions which may arise upon the testimony and pleadings, it is necessary to determine whether the bill filed by Henry C. Kibbee is a cross bill.

A cross bill for purposes of relief is always designed for the purpose of enabling a defendant to avail himself of some defense which can only be made complete by granting him some affirmative relief against complainant, or against some co - defendant. Equity rarely can grant any affirmative relief upon an answer alone. If this could

be done, there could never be any occasion for a cross bill, which must be strictly confined to the matters involved in the cause. A bill which introduces other distinct matters is an original bill, and the suits are separate and distinct:—*Story Eq. Pl.* § 631; *Griffith v. Merritt,* 19 *N. Y.* 529.

A brief comparison of the issues before us, shows that the two causes have very little in common, and have no common issue of any substantial importance. The suit of Andrews is purely a judgment creditor's bill on a personal judgment. The rights of James Andrews or his assignees are not referred to in the pleadings, and there is no reference in them to any mortgage security connected with the bond sued upon. Such a bill, had James Andrews retained his securities, would not have affected or prejudiced his rights. He might have filed such a bill as Kibbee's upon the same facts, and it could not be in any way connected with the former suit. The fact that Henry C. Kibbee is a defendant in the other suit, and is sought to be charged as a debtor or trustee of Porter Kibbee, does not prevent him from bringing such actions on his own account as he may see fit, and they can not be deemed cross actions unless the issues are dependent upon the same matters. A bill to foreclose or redeem a mortgage presents no case which could possibly be connected with a judgment creditor's bill. The controversies, although having an apparent relation arising out of the peculiar circumstances, have no legal dependence on each other, each having matters involved which are entirely foreign to the other.

The suits being distinct, each must be considered by itself, and determined upon its own facts. In the present case it may perhaps lead to no different result, inasmuch as no party can be entitled to any affirmative relief not warranted by the allegations in the pleadings.

The ownership by Stephen C. Andrews of the bond against Porter Kibbee, is not admitted by Henry C. Kibbee.

The judgment being in favor of Driggs, the nominal plaintiff, must, if valid at all, stand in favor of the real owner, whoever he may be. The evidence taken in the creditor's suit shows that Andrews had previously assigned the bond and mortgage to secure a debt of equal amount to James Andrews. The latter only, therefore, or those succeeding to his title, could bring a suit to enforce them. Stephen C. Andrews had, it is true, a nominal residuary interest in equity, but he could not on that account bring any suit in equity, unless it should be alleged in his bill that the assignee neglected or refused to do so, under circumstances calculated to prejudice his rights. He has no right otherwise to intermeddle with assigned property. The bill before us goes upon no such hypothesis. Stephen C. Andrews claims in that to be the sole owner of the bond on which he sues, and his pretensions are entirely adverse to those of his assignees, the bill not alluding to any assignment, but asserting the continuance of his original title.

It is claimed, however, that because Henry C. Kibbee has become possessed of the securities, and is a party defendant, the case under its present aspect is so changed as to rectify this objection. This is not so. The testimony which shows title in Henry C. Kibbee, shows that the complainant had no right of action such as he sets up in his bill. It is difficult to see how he could have amended his bill so as to remedy this defect, inasmuch as there is no evidence [tending to show any indisposition in the assignees to enforce their claims, and Andrews makes no offer to redeem them. But be this as it may, the bill has not been amended, and no supplemental pleadings have been filed. The case stands in a position where no such question can be entertained. This bill was properly dismissed.

The decree upon Kibbee's bill is so framed as to guard all of the rights which Andrews may have in the premises. The only controversy arising upon Kibbee's rights in the

bond and mortgage is, whether the notes given to James Andrews are usurious, and on that account liable to deduction. The Court authorized a suit at law to be brought upon these, and the question is one which can be tried at law more appropriately than in equity. The decree granting a right to redeem from Bissell's liens, and a right to sell the mortgaged premises, is for the benefit of Andrews as much as of Kibbee; and, inasmuch as it requires the proceeds to be paid into court, and not to Kibbee, the latter can only receive hereafter so much as may be found due him on the notes, which will be determined most effectively in the suit at law.

The decree must be affirmed, with costs.

MANNING and CHRISTIANCY JJ. concurred.

MARTIN CH. J. was not present at the decision.