FRANCIS J. McGUIRE ET AL. v. THE CIRCUIT JUDGE OF VAN BUREN COUNTY.

69  593
f118  447

*Equity practice—Cross-bill—Affirmative relief—Dismissal of original bill—Mandamus.*

1. Chancery rule No. 123, which obviates the necessity of filing a cross-bill, and authorizes a defendant by his answer to present the facts upon which his equity rests, does not relieve him from stating such facts with the same particularity and certainty as if he had resorted to a cross-bill under the former practice, and he must state in his answer a case for equitable relief touching the matter in question in the original bill.

2. In our practice a cross-bill is considered as a mere dependence upon the 'original bill, and, when the matter set up is simply a matter of *defense*, it is disposed of by a dismissal of the original bill.

So *held*, where a defendant in his answer claimed affirmative relief under chancery rule 123, but the allegations were insufficient to form a basis for such relief (the facts set up being admissible, without a cross-bill, to defeat complainant's alleged title), and after joining issue the complainant entered an order dismissing his bill, which the court refused to vacate, and a *mandamus* asked for by defendant to compel such action was denied.

3. Where a bill is filed by a party in possession of real estate for equitable relief, a cross-bill will not lie for the purpose of obtaining possession, which is the proper object of an action of ejectment.

Application for *mandamus* to compel respondent to vacate an order entered by complainant dismissing his bill. Submitted April 17, 1888. Denied April 24, 1888. The facts are stated in the opinion, and in the prior statement by the Reporter.

*Crane & Breck,* for relators.

*Dallas Boudeman,* for respondent.

69 Mich.—38.

William Finch, claiming to be the owner of the original government title, and under tax deeds executed by the Auditor General of this State, of certain land in Van Buren county of which he was in the actual possession, filed a bill in the Van Buren circuit court, in chancery, against relators, Francis J. McGuire *et al.*, to quiet his title to said premises, they claiming adversely under a deed executed by the owner of such government title prior to complainant's receiving his deed, but subsequently recorded.

Relators answered, denying the validity of complainant's titles to the land, and averring that a large quantity of valuable timber had been removed therefrom by former holders of such titles, and claiming an accounting and affirmative relief under the law, and rules and practice of the court.

A general replication was filed, after which complainant's solicitors entered an order dismissing the bill of complaint, whereupon relators applied to the court to set aside such order, which application was denied, and an order made confirming the same.

Relators then applied for a *mandamus* to compel the respondent to set aside said order, and re-instate the case.

The remaining facts are stated in the opinion.

PER CURIAM. In chancery practice a cross-bill is a bill filed by the defendant against the complainant or other parties in a former bill pending, touching the matter in question in that bill. It is treated as a mere auxiliary suit, or as a dependency upon the original suit. It can be sustained only on matter growing out of the original bill. It is a mode of defense, and the original and cross-bill are but one cause. It is necessary when the defendant is entitled to some positive relief beyond what the scope of the complainant's suit will afford him. 2 Daniell Ch. Pr. 1647, tit. "Cross-bill;" Story, Eq. Pl. tit. "Cross-bill;" *Andrews v. Kibbee*, 12 Mich. 96; *Lumber Co. v. Gustin*, 54 Id. 624 (20 N. W. Rep. 616).

Where relief is sought by cross-bill, the relief prayed for must be equitable relief. Thus, where a bill is filed by a party in possession of real estate for equitable relief, a cross-bill will not lie for the purpose of obtaining possession, for

it is the proper object of an action of ejectment. *Calverley v. Williams*, 1 Ves. Jr. 211, 213; Coop. Eq. Pl. 86, 87; Mitf. Eq. Pl. (by Jeremy) 81, and note (2); *Cross v. De Valle*, 1 Wall. 5; 1 Hoff. Ch. Pr. 346.

Chancery rule 123, which obviates the necessity of filing a cross-bill, and authorizes a defendant by his answer to present the facts upon which his equity rests, does not relieve the party from stating the facts with the same particularity and certainty in his answer as he would, under the former practice, be obliged to if he had resorted to a cross-bill. He must still state a case for equitable relief touching the matter in question in the original bill.

The answer in this case merely contains the allegation that the deed from Emily P. Cleveland was obtained by fraud, and without consideration, and also that the subsequent purchasers had notice thereof, and that said Emily P. Cleveland had conveyed the land to James McGuire, and had no interest or claim thereto whatever. But the answer does not state by whom, or in what manner, the fraud was committed, and the allegations are insufficient to be made the basis of affirmative relief. As a defense to complainant's bill the facts stated in the answer might be shown, without a cross-bill, to defeat the complainant's alleged title.

In our practice a cross-bill is considered as a mere dependence upon the original bill, and, when the matter set up is simply a matter of defense, it is disposed of by a dismissal of the original bill. *Slason v. Wright*, 14 Vt. 208. It cannot be retained for the purpose of accounting for rents and profits, which may be recovered in ejectment. *Fitzhugh v. Barnard*, 12 Mich. 112, 113.

The cases cited in relators' brief from Illinois do not apply, for the reason that the practice there is regulated by statute, which enacts that—

"No complainant shall be allowed to dismiss his bill, after

a cross-bill has been filed, without the consent of the defendant." Rev. Stat. Ill. chap. 22, § 36; Rev. Stat. 1845, p. 96, § 28.

The *mandamus* must be denied.