## EWERS v. WHITE'S ESTATE.

1. AGENCY — MONEY IN AGENT'S HANDS — DEMAND — STATUTE OF LIMITATIONS.

    The statute of limitations does not begin to run against a claim for money in the hands of an agent until a demand is made by the principal or his representative.

2. ESTATES OF DECEDENTS—EXECUTOR'S FAILURE TO INVENTORY CLAIM—ESTOPPEL—IMPLIED ADMISSIONS—EVIDENCE.

    Where neither a deceased debtor nor his executors have been misled by the failure of the executrix of the creditor's estate to schedule and inventory the claim in the debtor's lifetime, the elements of an estoppel to assert the claim against his estate are wanting; and the force of the omission as evidence against the claim is but slight, where it appears that the executrix supposed that the claim was merged in a collateral agreement, which the debtor failed to carry out.

3. SAME—EXECUTRIX AS SOLE LEGATEE—SUIT IN INDIVIDUAL CAPACITY.

    An executrix who is also the sole legatee and devisee may, after the payment of all debts, turn over to herself a claim due the testator, and bring suit thereon in her individual capacity.

4. SAME—PAYMENT OF DEBTS—PRIMA FACIE CASE.

    The fact that no debts are outstanding against an estate in which no commissioners on claims have been appointed is prima facie established by the testimony of the executrix, given 26 months after the probate of the will, that there are no such debts.

5. ATTORNEY AND CLIENT—FRIENDLY ADVICE—PRIVILEGED COMMUNICATIONS.

    An attorney at law who acted in the capacity of friendly adviser merely to both parties in interest, accepting no retainer, and refusing to have anything to do in the matter if there was to be any difficulty between the parties, was not the attorney of either, so as to render statements to him privileged.

Error to Saginaw; Wilber, J. Submitted June 10, 1897. Decided September 14, 1897.

Julia A. Ewers presented a claim against the estate of John B. White, deceased. The claim was allowed by the commissioners, and the estate appealed to the circuit court. From a judgment for claimant, defendant brings error. Affirmed.

*Charles S. Smith* (*Humphrey & Grant*, of counsel), for appellant.

*G. K. Grout* (*E. M. Joslin*, of counsel), for appellee.

MONTGOMERY, J.    Harriet E. White, wife of John B. White, died in December, 1893, leaving a will which devised all of her property to claimant after her debts were paid and $100 set aside to care for a cemetery lot. Her will was probated March 10, 1894, and claimant was appointed as executrix.   Claimant and Mrs. White were sisters.   Prior to the probate of the will, Dr. White and claimant had some discussion about the terms of the will, and it appears Dr. White deemed the will unjust to him, and announced a purpose of contesting it.   Mrs. Ewers agreed to satisfy the doctor if he would not oppose the probate of the will, and the will was admitted to probate without opposition from him.   In September following, as appears by the testimony offered on behalf of claimant, a full discussion of the matter in difference was held.   It is claimed that on this occasion the doctor admitted that he had acted for his wife in making loans and investing money, and that he had an amount of money in his hands belonging to her, and reported that, if the terms of the will were carried out, it would not leave him a bed to sleep on; at the same time insisting, however, that, as the furniture was bought during the matrimonial relations, it belonged to him as much as to his wife.   Dr. White had an estate of his own, amounting to about $20,000.   According to the testimony offered on claimant's behalf, it was fully agreed that claimant would not insist upon payment of the indebtedness of Dr. White to his wife's estate, or assert any claim to the furniture, if the doctor

would by his will devise her one-fifth of his estate. This was agreed to, and a will in these terms drafted by him in his own handwriting. Whether any such will was ever fully executed does not appear, but it does appear that subsequently he made a will which contained no provision for claimant. On the trial of the case in the circuit, on an appeal from an allowance by commissioners on claims, claimant was allowed $1,631.93.

The court instructed the jury that claimant was not entitled to recover on the agreement to devise to her one-fifth of the estate, as this agreement would be invalid, under the statute of frauds. The court also held that, whether Mrs. White was the owner of the furniture or not, there had been no conversion of it during the lifetime of Dr. White, and that, therefore, there could be no recovery on that ground. The court charged as follows:

"The sole question submitted to you is whether or not, as claimed by the claimant, in September, 1894, an arrangement was reached as claimed, whereby Mrs. Ewers released her claim to any moneys in the hands of the doctor which he held as the agent of Mrs. White in her lifetime. If there was such an arrangement made, and she did so release that money, then the question that is submitted to you is the amount of money remaining in the doctor's hands, at the time this agreement was made, belonging to his wife's estate. As that money, if such an agreement was made, afterwards went into the body of his estate, in the opinion of the court she should be entitled, in this case, to recover the amount of moneys he actually held in his hands at the time the agreement was made, as the agent of his wife; and that is the sole question that is submitted to you."

It will be seen, therefore, that the issue finally presented to the jury was very narrow. There are, however, a large number of assignments presented. We shall deal with those only which arise upon questions as to rulings which might have affected the result, and shall pass over others.

1. It is contended that, as the agreement on the part of Dr. White was to refrain from contesting the will of Mrs.

White, and to devise to claimant one-fifth of his estate, in consideration of the release of the demand for money and furniture, and that, as he has so far executed his agreement as to refrain from contesting his wife's will, claimant cannot rescind on her part, and recover on the original consideration. The record does not support the contention. No definite agreement was made until after the will was probated. The most that Mrs. Ewers promised to him was that she would not ask anything but what was reasonable and fair if he made no contest.

2. The defendant pleaded the statute of limitations, and some complaint is made of the instructions bearing upon this question. We think the court was right in this instruction:

"It is claimed that, if he was indebted to his wife's estate or to his wife in the amount or in any amount they may claim, that the statute of limitations has run upon the claim; in other words, it is outlawed. The claimant makes no claim here for anything except moneys that he held in his hands belonging to Mrs. White, as her agent, at the time this agreement was made, if it was made at all. Now, for such moneys, if any remained in his hands, the statute of limitations would not run until a demand was made. No demand is shown to have been made by Mrs. White upon the doctor for this money."

3. After the agreement between claimant and Dr. White, she made an inventory of the estate of Mrs. White, omitting the claim against Dr. White and the furniture, and it is contended that she is estopped from asserting a claim against Dr. White's estate. While the failure to schedule and inventory this claim is evidence against claimant in the nature of an admission, we think the elements of an estoppel are wanting. Neither Dr. White nor his executors have been shown to have taken any action, or refrained from any action, because of being misled by the omission. Even the force of this act as an admission is much broken down by the fact that claimant, if the testimony advanced on her behalf is credited, supposed that the claims for money and furniture were merged in the agreement with Dr. White.

4. It is claimed that the claimant should have instituted these proceedings in her representative capacity. The court charged, in substance, that if, at the time of the alleged agreement in September, the funeral expenses had been paid, and there was no indebtedness against the estate, Mrs. Ewers, as the sole residuary legatee, and Dr. White, as the husband of Mrs. White, were the only persons interested in the estate of Mrs. White, and that Mrs. Ewers might turn over to herself this claim. We think this instruction correct. *Letts* v. *Letts*, 73 Mich. 138; *Foote* v. *Foote*, 61 Mich. 181.

It is insisted that the evidence does not show that there were no debts. This question was not contested on the trial. Mrs. Ewers testified that there were no debts. The will was probated in March, 1894, and this case was tried in May, 1896. The statute (section 5888, 2 How. Stat.) does not imperatively require the appointment of commissioners, and, when none are appointed, creditors are not barred from proceeding. Id. §§ 5902, 5946. We think, therefore, that there was sufficient evidence to show *prima facie* that there were no debts.

5. The claimant's case was established by the testimony of William N. Brown, an attorney at law. His testimony as to statements made by Dr. White was objected to, on the ground that the relation of attorney and client existed. Mr. Brown testified that he told Dr. White in the beginning that, if there was to be any difficulty between the parties, he should refuse to have anything to do in the matter; that he acted as a friend of both parties. There was no retainer or employment. The testimony was properly admitted. *Alderman* v. *People*, 4 Mich. 414 (69 Am. Dec. 321).

Other points are discussed, but an examination of the record satisfies us that no error was committed to the prejudice of the defendant.

Judgment affirmed.

Long, C. J., Grant and Moore, JJ., concurred. Hooker, J., did not sit.