POWELL v. PENNOCK.

1. ESTATES OF DECEDENTS—ACCOUNTING—EXECUTORS AND ADMINISTRATORS—EQUITY—JURISDICTION—PROBATE COURTS.

   After an opportunity had been given to creditors of a decedent to present claims and the estate had been closed, without any claims having been allowed against it, the heirs of decedent were entitled to maintain a bill in equity to recover back and secure an accounting for property alleged to have been fraudulently obtained from the deceased by his second wife.

2. SAME—EQUITABLE TITLE.

   The equitable title to personal property of a decedent is

in the heirs who hold it subject to the rights of creditors and the expenses of administration.

3. SAME—RIGHTS OF CREDITORS—CLAIMANTS.

Since the rights of creditors afford the chief reason for administration of estates, after they have been satisfied, the real purpose of administering has been done away with; if assets are thereafter discovered it would be an idle ceremony to ask for further administration, simply to distribute the property, when all the interested parties are of age.

4. SAME.

In Michigan, probate courts have exclusive jurisdiction over the settlement of estates of decedents, except when their remedies are inadequate or the interposition of the court of equity is necessary for some auxiliary purpose. While administration was pending, a bill to discover assets of the estate could not be maintained.

5. SAME—ACCOUNTING—EQUITY.

Where fiduciary relations exist or fraud is charged, courts of equity have jurisdiction to compel an accounting.

6. SAME—FRAUD—FIDUCIARY RELATIONS.

Accordingly a suit in equity might be instituted to recover back from the wife of deceased, whose estate had been closed in probate court, property obtained by the wife by fraud or undue influence.

7. SAME—COMPROMISE AND SETTLEMENT—EXECUTORS AND ADMINISTRATORS—JUDGMENT—RES JUDICATA.

The objection was not tenable that because the final account of the administrator had been filed and passed upon and the heirs had receipted for their proportion of the property disclosed as a part of such estate, the order of the court was conclusive against such complainants.

Appeal from Barry; Smith, J. Submitted April 9, 1914. (Docket No. 14.) Decided July 24, 1914.

Bill by Ella L. Powell and Addison J. Pennock against Clara Pennock for a decree requiring defendant to account for property in her hands as part of the estate of Asa B. Pennock, deceased. From an order sustaining a demurrer to the bill of complaint, complainants appeal. Reversed.

*Colgrove & Potter* and *Alonzo D. Cadwallader,* for complainants.

*Charles H. Bauer* (*Alfred J. Mills,* of counsel), for defendant.

KUHN, J. This is an appeal from an order of the circuit court of the county of Barry, in chancery, sustaining a demurrer by the defendant to the bill of complaint filed in this case. The complainants are the son and daughter of Asa B. Pennock, deceased, and the defendant is his widow. She was his second wife, having married him on April 9, 1910. Asa B. Pennock died July 23, 1911, and on July 27, 1911, the widow filed a petition for the appointment of an administrator of his estate, and subsequently Charles Moreau was appointed to that office. An inventory was filed, which was unsatisfactory to complainants, and a complaint was made by Addison J. Pennock in the probate court, under section 9355, 3 Comp. Laws, against the defendant, seeking a discovery of certain property alleged to belong to the estate, which, it is claimed, was in her possession. Interrogations were filed and answered, and an oral examination was had with reference thereto in court. Thereafter the administrator filed his petition for an order to allow him to use the funds of the estate to defray the expenses necessary to bring a suit against the defendant for the recovery of the property alleged in the petition to belong to the estate and in the hands of the defendant. The probate court granted the petition, but upon condition that Addison J. Pennock and Ella L. Powell file an indemnity bond in the sum of $1,000 to indemnify the defendant, Clara Pennock, in the event that no recovery was had against her. No bond was given, and, while the bill of complaint does not so allege, the circuit judge in his opinion states that an appeal was taken from this order of the probate court, it being insisted that the requirement of a $1,000 bond was

improper and the order should be relieved of this condition. This appeal was dismissed in the circuit court, and the case certified back to the probate court. The bill alleges that there were no claims allowed against the estate, and that an order was entered by the probate court closing the time for the presentation and hearing of claims against the estate. No suit was brought by the administrator against the defendant, and, by consent of all parties, proceedings were had in the probate court which resulted in the discharge of the administrator on January 22, 1913. The following receipt was filed:

"HASTINGS, MICH., Jan. 22, 1913.
"In the Matter of the Estate of Asa B. Pennock, Deceased.

"Received of Charles Moreau, administrator of the estate of the said deceased, eight hundred and forty-eight and 54/100 dollars, in full for our share respectively of the funds now in his hands belonging to said estate as inventoried including additional amount added to said inventory by the administrator, and do hereby consent to his discharge as such administrator.

"ADDISON J. PENNOCK.    [L. S.]
"ELLA L. POWELL.        [L. S.]
"CLARA PENNOCK.         [L. S.]"

The bill of complaint in this cause was filed on April 11, 1913, and alleges that the defendant obtained from Asa B. Pennock during his lifetime certain property amounting to about $35,000, consisting mostly of money, certificates of deposit and United States government bonds, by fraud, force, and undue influence; that she has no legal or equitable title to the property, except as she may have the widow's right to her distributive share. The prayer of the bill asks that the defendant come to a just and true accounting with the complainants; that the complainants be decreed to be entitled to two-thirds of this money and property, amounting to $35,000, alleged

to have been obtained by fraud by defendant from Asa B. Pennock, the father of complainants.

The principal causes of demurrer argued in the court below and on this appeal are: *First,* that the probate court has exclusive jurisdiction to hear and determine all the questions in this case; and, *second,* that the matter having been in the probate court and the administrator having been discharged by the consent of all the parties interested, the orders of the probate court have adjudicated the case, and these orders are final, and, as a result, complainants have no standing in this court. The learned circuit judge was of the opinion that these causes were well taken, especially the first one, that the probate court has exclusive jurisdiction to determine this case and that a court of chancery has no jurisdiction except as it may aid the court in the equitable consideration of such questions as could not well be determined in the probate court.

At the death of Asa B. Pennock the legal title of his personal property was held in abeyance until the appointment of an administrator, and then vested in him for the purpose of administration. The equitable title to the personal property after his death was at all times in the heirs, who owned it, subject to the rights of creditors and the expenses of administration. This right of creditors is the principal reason for administration, and therefore, if creditors have been satisfied, the real purpose of administration has, in effect, been done away with. 1 Woerner on Administration [1st Ed.], p. 432. In the instant case administration has been had, a time was fixed for hearing claims, and an order made closing the hearing on claims, and no claims were presented. By consent the estate was then closed and the administrator was discharged. The main purpose of administration—to give creditors an opportunity to be heard— was thus satisfied, and, if additional assets should be

discovered after the close of such administration, it would seem to be an idle proceeding to again ask for administration simply for the purpose of distribution when all the parties in interest are of full age. In this State the probate courts have exclusive jurisdiction over the settlement of estates of deceased persons, except when their remedies are inadequate or the interposition of equity is necessary for some auxiliary purpose (*Nolan* v. *Garrison,* 156 Mich. 397 [120 N. W. 977]; *Davis* v. *McCamman,* 165 Mich. 287 [130 N. W. 691]; *In re McNamara's Estate,* 167 Mich. 406 [132 N. W. 1078]; *Graham* v. *Graham,* 171 Mich. 307 [137 N. W. 153]; *Brooks* v. *Hargrave,* 179 Mich. 136 [146 N. W. 325]), and if administration were still pending there can be no question that this bill could not be maintained. However, Michigan is one of the States where the rule is established that, where there are no claims for adjustment, administration is unnecessary, and settlement and adjustment may be made by the heirs. *Foote* v. *Foote,* 61 Mich. 181 (28 N. W. 90); *Letts* v. *Letts,* 73 Mich. 138 (41 N. W. 99); *Ewers* v. *White's Estate,* 114 Mich. 266 (72 N. W. 184); 14 Cyc. p. 109.

In our opinion, the allegations of the bill are sufficient to give the chancery court jurisdiction. The general rule is stated in 14 Cyc. p. 157, as follows:

"Actions Between Heirs and Distributees—a. Right of Action and Form of Remedy. An heir or distributee may maintain a bill in equity against his coheirs or codistributees for an accounting, or for the purpose of obtaining his distributive share of an estate, where the administration has been closed, or where there has been no administration and there are no creditors, or where there has been a mistake as to the value of the property of the decedent or fraud in settling the estate."

See, also, *Moore* v. *Brandenburg,* 248 Ill. 232 (93 N. E. 733, 140 Am. St. Rep. 206).

Where fiduciary relations exist or fraud is charged, courts of equity have jurisdiction to compel an accounting. *Warren* v. *Holbrook,* 95 Mich. 185 (54 N. W. 712, 35 Am. St. Rep. 554); *Mack* v. *Village of Frankfort,* 123 Mich. 421 (82 N. W. 209); *Fred Macey Co.* v. *Macey,* 143 Mich. 138 (106 N. W. 722, 5 L. R. A. [N. S.] 1036).

It is urged that complainants have an adequate remedy at law. In this State, in many cases, courts of equity have concurrent jurisdiction with courts of law.

Here the relation is that of husband and wife. The defendant is charged with having obtained the property in controversy by fraud and undue influence. Under these circumstances, the parties aggrieved, being the complainants in this case, had a choice of remedies, and may proceed in equity for an accounting and pursue the fund.

We are also of the opinion that there is no merit in the claim that the questions raised by this bill have been adjudicated by the probate court. The receipt filed by the heirs clearly shows that it was only given for such part of the estate as actually came into the hands of the administrator. The final account of the administrator did not mention the property involved in this litigation, and can only be binding and conclusive as to the matters therein contained. *Porter* v. *Long,* 124 Mich. 584 (83 N. W. 601); *In re Ward's Estate,* 152 Mich. 218 (116 N. W. 23).

The decree of the lower court sustaining the demurrer is reversed, and the case is remanded for leave to answer in accordance with the rules and practice of the court.

McALVAY, C. J., and BROOKE, STONE, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.