THOMAS v. NICOLLS.

1. PARTIES—CANCELLATION OF INSTRUMENTS—EQUITY—ESTATES OF DECEDENTS—CROSS-BILL.

A cross-bill by the former administrator of a decedent's estate who had been discharged from his official position may be sustained in a suit to cancel certain deeds made to him by the persons having an interest in the estate, all of the heirs being represented in the case, though the estate was not one of the parties to the bill of complaint and was not brought in by the cross-bill.

2. SAME—AMENDMENT—EQUITY.

The trial court improperly permitted the filing of an amended answer setting up a counterclaim, for services rendered by the defendant administrator, to the estate, as the question of services was distinct from the issues made by the bill of complaint.

Appeal from St. Joseph; Knowlen, J. Submitted April 11, 1916. (Docket No. 81.) Decided June 1, 1916.

Bill by Caroline Thomas and others against George Nicolls and another for the cancellation of certain deeds. From an order overruling a demurrer to the amended answer and cross-bill, complainants appeal. Reversed.

*Charles H. Farrell,* for complainants.

*Edward L. Yaple* (*George L. Yaple,* of counsel), for defendants.

On March 3, 1912, Lydia M. Beard died, leaving as her only heirs at law complainant Caroline Thomas, a sister, Mary J. Robinson, a sister, William H. Nicolls, a brother, George Nicolls, defendant, a brother, and Fred J. Phillips, complainant, a nephew. At the time of her death Mrs. Beard was seised of a farm of 120 acres, of the value of $6,000, and a house and lot in the village of Mendon of the value of $500. In addition to the real estate she left certain growing crops upon the farm and a small amount of personal property. On April 8, 1912, defendant George Nicolls was appointed as administrator of the estate of his sister Lydia M. Beard. Prior to, or soon after, his appointment as such administrator, he secured from his brother, his two sisters, and his nephew quitclaim deeds, by which they conveyed to him their several interests in the estate of Lydia M. Beard. He likewise secured

from each a receipt for his or her respective share in
the personal property belonging to said estate. Com-
missioners upon claims were appointed and defendant
George Nicolls paid such claims as were allowed. On
August 20, 1912, the probate court made a final order,
closing the estate and discharging defendant from fur-
ther duties as administrator, at the same time making
an order assigning said real estate to the five heirs at
law. Thereafter defendant George Nicolls and his
wife, Lotta Nicolls, claimed to be the sole owners of
the real estate in question, and they were such of rec-
ord. The following month, September, 1912, complain-
ant Caroline Thomas filed her bill of complaint against
defendants, in which she charged that the quitclaim
deed executed by her to defendants was procured by
her brother, defendant George Nicolls, through the
exercise of fraud and misrepresentation, and prayed
that said deed be set aside and for an accounting.
Later the other sister and brother and the nephew of
Lydia M. Beard filed similar bills, making the same
or similar charges and praying for the same relief.
To these several bills of complaint defendants filed an
answer denying all charges of fraud and misrepre-
sentation, but prayed for no affirmative relief. De-
fendant adjusted the claim of his brother William H.
Nicolls, and his sister Mary J. Robinson, out of court,
and their suits were discontinued. The remaining
suits, that of Caroline Thomas, sister of deceased, and
Fred J. Phillips, nephew of deceased, were consoli-
dated, and were heard as one cause in the circuit court.
After a full hearing upon the merits the learned cir-
cuit judge filed an opinion, in which he found that de-
fendant George Nicolls, in the procuring of the quit-
claim deeds in question, had been guilty of fraud and
misrepresentation, and determined that for that rea-
son said deeds should be set aside. He, however, found
further that the defendant George Nicolls had ren-

dered valuable services to Lydia M. Beard in her lifetime, and that he had paid certain sums as administrator of her estate, all of which he should be, by rights, permitted to recover out of the estate, he at the same time to be charged with the value of all personal property coming into his possession as administrator of his sister's estate, together with the rents, issues, and profits of the real estate since it came into his possession. The court, therefore, directed that the defendant be then permitted to file an amended answer in the nature of a cross-bill, in which he might set up his claim for disbursements in connection with the estate of Lydia M. Beard, as well as his claim for services rendered to said Lydia M. Beard in her lifetime. He further provided that complainants might file to such amended answer and cross-bill such exception, objection, answer, or other plea as they desired, and asserted that he would then, if necessary, direct the framing of such issues as might appear to be necessary, and that either party might notice the matter for hearing. His opinion closes with the following paragraph:

"If upon a full accounting, the court shall find no equitable balance in defendant's favor, the court will make its final decree accordingly, and will therein set aside said deeds unconditionally and unqualifiedly; but if the court shall find and adjudicate any equitable balance in defendant's favor, the court will, by its final decree, make such order and decree as shall equitably determine and dispose of the rights and interests of the parties, either by the setting aside of said deeds, subject to a lien thereon in favor of defendant, or by such other provision, order, and decree as the court may then determine to be in accord with the just and equitable rights and interests of the parties."

Under the permission so granted defendant George Nicolls immediately filed an answer by way of a cross-bill, setting out his dealings with Lydia M. Beard in

her lifetime, as well as those with her estate after her death, and subjoined thereto a statement of account showing a balance in his favor of $5,584.03, an amount nearly equal to the value of the estate as found by the circuit judge. Upon the filing of said answer and cross-bill complainants interposed a demurrer, based upon the following reasons:

"*First,* because there is no equity in the same; *second,* because a court of chancery has no jurisdiction to hear and determine claims against the estates of decedents; *third,* because a court of chancery has no jurisdiction to hear and determine such claims as the ones set forth therein; *fourth,* because defendants asked no affirmative relief in their original answer; *fifth,* because defendants asked for no other or further relief in their amended answer than the allowance of a certain claim against the estate of Lydia M. Beard, deceased; *sixth,* because the estate of the said Lydia M. Beard, deceased, is not a party to the present suit; *seventh,* because all of the matters set forth in defendants' amended answer, whereof relief is prayed, are matters which may be tried and determined in a suit at law, and with respect to which defendants are not entitled to any relief in a court of equity."

The learned circuit judge having overruled said demurrer, complainants seek a review in this court, urging the same grounds stated and urged in the court below.

BROOKE, J. (*after stating the facts*). On behalf of appellants it is urged: *First,* that the proper parties are not in court. It is their contention that the issues sought to be raised by the cross-bill is one between the defendants and the estate of Lydia M. Beard, and that the estate is not before the court. While technically this is true, all the parties interested in the estate are in court, the defendants owning three-fifths of the real estate and the complainants owning two-fifths thereof. We think this contention without force.

It is next urged that, inasmuch as defendants in their original answer prayed for no affirmative relief, the court is without any authority to grant such relief under the amended answer and cross-bill. In the authorities cited by appellant in support of this contention, among which are *Village of Trenton* v. *Rucker*, 162 Mich. 19 (127 N. W. 39, 34 L. R. A. [N. S.] 569), *McManus* v. *City of Petoskey*, 164 Mich. 390 (129 N. W. 681), and *Barras* v. *Youngs*, 185 Mich. 496 (152 N. W. 219), it will be noted that under the several records presented for consideration in this court, there was no prayer for affirmative relief on the part of the defendants. In the case at bar there is such a prayer in the amended answer and cross-bill, so that, if it was proper for the court to permit the filing of that pleading, the authorities cited by appellants upon this point are without force.

Appellants next claim that a court of equity is without jurisdiction to allow a claim against the estate of a decedent. Many authorities are cited by appellant to the proposition that estates of decedents are not settled in courts of chancery, but must be settled through proper proceedings in the probate court. Among the cases cited are the following: *Brooks* v. *Hargrave*, 179 Mich. 136 (146 N. W. 325), *Powell* v. *Pennock*, 181 Mich. 588 (148 N. W. 430), and cases there cited. The general rule is not questioned by appellees, but they assert that in a case in which the court of chancery has undoubted jurisdiction upon other grounds, it may, as an incident to the exercise of that jurisdiction, allow or disallow a claim against an estate. We find it unnecessary to pass upon this contention.

The question whether there is any equity in defendants' cross-bill still remains. We have no doubt that in the exercise of a sound discretion, and under our liberal statute relative to amendments, a circuit court

may, even at the stage of the proceedings when such action was taken in the case at bar, permit an amendment germane to the issue raised by the original bill in the furtherance of justice. We are, however, unable to see how the question of defendant George Nicolls' services to Lydia M. Beard in her lifetime, his services as administrator, or his disbursements as such administrator have the remotest bearing upon the issue raised by the original bill and answer, which was whether or not he had secured the execution of the quitclaim deeds in question through the exercise of fraud and misrepresentation. The learned circuit judge who heard the case seems to have been of the opinion that because Nicolls relied upon the fraudulent deeds, and because of such reliance failed seasonably to present his claims against the estate, he should now be permitted to urge these claims in a court of equity. We can see no reason for so holding. By fraud and misrepresentation, as found by the trial court, Nicolls sought to and did overreach his brother, his sisters, and his nephew. Resting upon his rights acquired under the instruments so obtained by fraud, he refrained from presenting the several claims against his sister's estate in due season. Complainants are in no sense responsible for this failure to act on his part. Having failed in his efforts to sustain his acts, and thereby being deprived of the fruits of his fraudulent conduct, there is no equitable consideration which should move a court of equity to grant him any assistance to regain that which he has apparently lost through his own wrong.

The order of the court below, overruling the demurrer, is reversed, the demurrer is sustained, and the case is remanded for further proceedings, with costs to appellants.

STONE, C. J., and KUHN, OSTRANDER, BIRD, MOORE, STEERE, and PERSON, JJ., concurred.