HANNAN *v*. FREUND.

1. EQUITY—ISSUES RAISED BY CROSS-BILL MUST BE GERMANE TO SUBJECT-MATTER OF ORIGINAL BILL.

While new issues may be raised by cross-bill, they must always be confined to the subject-matter of the original bill, and germane to it.[1]

2. SAME—CROSS-BILLS INVOLVING SUBJECT-MATTER NOT IN ORIGINAL BILL PROPERLY DISMISSED.

In a suit to set aside proceedings vacating part of an alley, cross-bills bringing in new parties and praying that other proceedings vacating other parts of the same alley be set aside, were properly dismissed as involving subject-matter not involved in the original bill.[2]

Appeal from Wayne; Johnson (Clayton C.), J., presiding. Submitted April 27, 1926. (Docket No. 110.) Decided June 7, 1926.

Bill by Frank E. Hannan and others against Hugo Freund, Alexander Freeman, and others to set aside an order vacating a portion of an alley. Defendants filed a cross-bill, making Eugenia Siegel and others defendants to set aside an order vacating another portion of the alley. From an order dismissing the cross-bill, defendants appeal. Affirmed.

*Butzel, Levin & Winston* (*A. J. Levin,* of counsel), for defendants Freund.

*Max N. Freedman* and *Paul J. Wieselberg,* for defendant Freeman.

*Donnelly, Hally, Donnelly & Munro,* for cross-defendants.

[1]Equity, 21 C. J. § 613; [2]Id., 21 C. J. § 613.

SNOW, J.    The parties to this suit live in Detroit
in the block bounded by Woodward avenue on the east,
Second avenue on the west, Boston boulevard on the
north, and Chicago boulevard on the south.    Prior to
1916, this block contained a T shaped alley 20 feet
wide.    The north and south alley commenced about
200 feet west of Woodward, and ran through the block
from Boston to Chicago boulevard, and the east and
west alley commenced at Second avenue and ran
easterly to the intersection of the north and south alley.
In 1916 the common council, on the petition of defend-
ant Siegel, vacated the northerly 162½ feet of the
north and south alley, which would be all that portion
of such alley north of the east and west alley.    More
than a year later the common council, on petition of
the defendants Freund, McLennan, and Freeman,
vacated the southerly 109½ feet of the alley.    Thus
was left only the east and west alley and a short strip
of the north and south alley just south of the east
end of the east and west alley, and a small strip of
land on either side thereof, which was deeded to the
city by defendants Freund and McLennan to provide
a large enough turn around for vehicles using the east
and west alley.

This suit is to compel the defendants, Freund,
McLennan, and Freeman, owners of the property im-
mediately abutting upon the closed portion of the alley,
to reopen the same on the ground that the action of
the common council in closing it was illegal and void.

These defendants answer by way of cross-bill, and
pray that the Siegels, who secured the closing of the
north portion of the alley, be made defendants, and
that their portion of the alley be likewise decreed
opened, and the closing order of the common council
secured by them be also decreed null and void.    The
Siegels appeared specially and moved to dismiss the
cross-bill of defendants.    The motion was granted,

and from an order dismissing the cross-bills, the defendants Freund and Freeman have taken this appeal.

The questions necessary to be determined for the disposition of the appeal are whether or not the subject-matter of the cross-bill is germane to that of the original bill, and whether or not the Siegels, who are not parties to the original suit, may be brought into the case by cross-bill at all.

While new issues may be raised by cross-bill, they must always be confined to the subject-matter of the original bill, and germane to it.    10 R. C. L. p. 485; *McGuire* v. *Van Buren Circuit Judge*, 69 Mich. 593; *Andrews* v. *Kibbee*, 12 Mich. 94 (83 Am. Dec. 766); *Hackley* v. *Mack*, 60 Mich. 591; *Root* v. *Root*, 164 Mich. 638 (32 L. R. A. [N. S.] 837, Ann. Cas. 1912B, 740), and cases cited therein; *Thomas* v. *Nicolls*, 191 Mich. 489.

The subject-matter of the bill, in the instant case, is that portion of the alley which appellants have had closed to public use, while the subject-matter of the cross-bill is that portion of the alley the Siegels, by an entirely different proceeding, have had closed to public use.    We are not impressed with the claim of appellees that the test of their right to, or the validity of the proceedings in, the closing of the portion of the alley adjacent to the Freund home, is in any way dependent upon the validity of the proceedings in closing the alley further north and adjacent to the Siegel property.    One proceeding may be valid, the other void.    If plaintiffs had made the Siegels defendants in the original suit, they might have prevailed as to them and been denied relief as to appellants.    Because one obstructs a highway it is no defense for him to say that another has also obstructed the same highway, and that if he must remove his obstruction so must the other; if chancery action is brought against one to quiet title to a strip of land at the north of

his property, he cannot bring a cross-action in the same suit against his neighbor to the south, on the claim that, if he is occupying land on the north to which he has no right, his neighbor is doing the same thing on the south.    If appellant Freund is injured by an unlawful closing of the Siegel alley, he is not without remedy, but such an issue cannot be determined in an action between him and another, not involving the same subject-matter, and in which the Siegels are not parties.

It clearly appearing that the Siegels are in no way necessary or proper parties in the determination of the subject-matter of the original bill of complaint, which involves only the legality of the vacation of an order of the common council of the city of Detroit closing that portion of the alley referred to in the bill, it follows the cross-bills here attacked were filed without legal warrant, and that the trial court was right in dismissing them.

The order so dismissing is hereby affirmed.    Costs to appellees.

BIRD, C. J., and SHARPE, STEERE, FELLOWS, WIEST, CLARK, and MCDONALD, JJ., concurred.