AMERICAN STATE BANK OF DETROIT *v.* VAN DYKE.

1. EQUITY—CROSS-BILL—SUBJECT-MATTER.

A cross-bill can be sustained only on matters growing out of the original bill and embraced within it.

2. SAME—CROSS-BILL SUSTAINABLE AS ORIGINAL BILL.

A defendant cannot file a cross-bill where he could not have filed an original bill for the same purpose.

3. SAME—NEW ISSUES IN CROSS-BILL.

While new issues may be raised by cross-bill, they must always be confined to the subject-matter of the original bill, and germane to it.

4. BANKS AND BANKING—STOCKHOLDERS' DOUBLE LIABILITY—TRANS-FER OF STOCK—EQUITY—CROSS-BILL—ADEQUATE REMEDY AT LAW.

In suit to enforce statutory double liability of bank stockholder against record holder of stock, latter's cross-bill to establish liability of transferees for reimbursement *held,* not germane to subject-matter of original bill and answer thereto and in case cross-plaintiff's liability is established he has an adequate remedy at law on alleged obligation of transferees to him (3 Comp. Laws 1929, § 11945).

Appeal from Wayne; Ferguson (Homer), J. Submitted October 16, 1936. (Docket No. 54, Calendar No. 39,129.) Decided December 28, 1936.

Bill by American State Bank of Detroit and First Wayne National Bank of Detroit against William Van Dyke and others to enforce an assessment against bank stockholders. Cross-bill by defendant Van Dyke against W. Leo King, Gordon C. Boug and Simeon J. Stodgell, individually and as copartners as King, Boug & Stodgell Co., and others to establish liability for assessment as transferees of bank stock. On motion of named defendants to dis-

miss cross-bill.   Cross-bill dismissed.   Defendant Van Dyke appeals.   Affirmed.

*Shapero & Shapero,* for defendant Van Dyke.

*Levin, Levin & Dill (Earlmont H. Dill,* of counsel), for cross-defendants King, Boug and Stodgell.

North, C. J.   The bill of complaint was filed in this cause for the purpose of enforcing the statutory double liability of stockholders in the American State Bank.   See 3 Comp. Laws 1929, § 11945.   There was a very large number of stockholder defendants, including appellant William Van Dyke.   Mr. Van Dyke in his answer to the bill of complaint set forth that on or prior to the day the assessment was made (March 12, 1931) he had sold his 375 shares of stock in the American State Bank to brokers trading on the Detroit Stock Exchange for a total consideration of $5,736; and for this reason he disavowed liability for the statutory assessment.   However, in the case of the appellees herein the transfer of the bank's stock purchased by them was not entered upon the books of the banking corporation.

Sometime after filing his answer Mr. Van Dyke obtained an order from the court authorizing him to file a cross-bill against the appellees and other cross-defendants.   Prior to the filing of this cross-bill appellees had not been made parties to this suit.   It is set forth in Mr. Van Dyke's cross-bill that he sold a certain portion of his stock to appellees and that in case he was held to be liable for stock assessment the transferees by operation of law assumed to pay such liability.   The relief sought in the cross-bill is that in event Mr. Van Dyke is held legally liable to pay the statutory assessment to the bank, appellees, as his transferees, be required to repay to him all such sums.

Appellees moved the court to dismiss the cross-bill on the ground that it was not authorized by law and the court was without jurisdiction of the appellees by virtue of the cross-bill; that the cross-bill does not set forth any equitable cause of action; that cross-plaintiff has an adequate remedy at law; and that the relief claimed under the cross-bill is not germane to the subject-matter of litigation set forth in the original bill of complaint. This motion was granted and cross-plaintiff Van Dyke has appealed.

Without reviewing all the reasons assigned in support of the motion to dismiss, we think it conclusively appears in this case that dismissal was justified both on the ground that the cross-plaintiff has an adequate remedy at law, and also on the ground that the relief sought by him is in no way germane to the issue presented by the original bill and Van Dyke's answer thereto.

"The rule has been laid down that a cross-bill can be sustained only on matters growing out of the original bill and embraced within it; and that the defendant cannot file a cross-bill, in any case, where he could not have filed an original bill for the same purpose; * * * it is still the rule that they (cross-bill issues) must be always confined to the subject-matter of the bill and germane to it." 3 Searl, Michigan Pleading and Practice, § 1128.

See *Hackley* v. *Mack,* 60 Mich. 591, 603; *McGuire* v. *Van Buren Circuit Judge,* 69 Mich. 593; *Koch* v. *Sumner,* 145 Mich. 358 (116 Am. St. Rep. 302, 9 Ann. Cas. 225). See, also, other Michigan decisions cited in the note to the above quoted text.

"While new issues may be raised by cross-bill, they must always be confined to the subject-matter of the original bill, and germane to it" (citing authorities). *Hannan* v. *Freund,* 235 Mich. 126.

"A cross-bill should not introduce new and distinct matters, not embraced in the original suit; for, as to such matters, it is an original bill, and they cannot properly be examined at the hearing of the first suit." Story's Equity Pleadings (10th Ed.), § 401.

In the instant case the only question presented by the cross-bill is whether appellees are legally bound to reimburse appellant in the event of his being held on the statutory double liability. This question is in no way involved in the issue presented by the original bill and answer. It is not germane thereto. Further, if the contractual obligation set forth in the cross-bill exists, appellant has a complete and adequate remedy at law on the alleged obligation of appellees to him.

The order of the circuit judge dismissing appellant's cross-bill is affirmed, with costs to appellees.

FEAD, WIEST, BUTZEL, BUSHNELL, SHARPE and TOY, JJ., concurred. POTTER, J., did not sit.