## LOU H. WARREN v. WILLIAM H. HOLBROOK AND HEZEKIAH SWEET.

### Equity—Accounting—Evidence.

1. Courts of equity have jurisdiction to compel an accounting where fiduciary relations exist, or fraud is charged; citing Story, Eq. Jur. § 459; Pom. Eq. Jur. § 1421.

2. Where a bar-tender, who is charged with the duty of keeping an accurate account of all moneys received by him, and of paying or accounting for the same to his employer, retains a portion of the money, the amount of which is peculiarly within his knowledge, the employer may proceed in equity for an accounting, and may pursue the fund.

3. The fact that the acts complained of impute to the defendant the commission of a criminal offense, and that, if he is compelled to render an account, evidence may be produced forming the basis of a criminal accusation, will not oust the court of jurisdiction.

4. Where, in a suit to compel an agent to account for moneys which he is charged with having received and not paid over or accounted for, a large amount of gold, silver, and paper money is found in his possession, including two marked silver dollars which he has taken, and it is within his power to show where he obtained the unmarked money if it does not belong to his employer, his failure to testify in his own behalf must be construed most strongly against him.

Appeal from Branch. (Loveridge, J.) Argued February 15, 1893. Decided March 10, 1893.

Bill for an accounting. Defendant Holbrook appeals. Affirmed. The facts are stated in the opinion.

*J. B. Shipman* and *H. H. Barlow,* for complainant, contended:

1. Counsel cited, in support of the jurisdiction of the court in this case, *Cavin v. Gleason,* 105 N. Y. 256; *People v. Bank,* 96 Id. 32; *Van Alen v. Bank,* 52 Id. 1; *Bank v. Pollock,* 4 Edw. Ch. 215; *Wales v. Newbould,* 9 Mich. 45; *Wallace v. Harris,* 32 Id. 391; *Wyckoff v. Machine Co.,* 43 Id. 312; *Cochrane v. Adams,* 50 Id. 16; *Clarke v. Pierce,* 52 Id. 157; *Pierce v. Pierce,* 55 Id. 637; *Pierce v. Holzer,* 65 Id. 272; *Brown v. Circuit Judge,* 75 Id. 274; *Petrie v. Torrent,* 88 Id. 43.

2. The facts stated in the bill, and not denied in the answer, which is not under oath, will be taken as admitted, and the complainant be relieved from proving the same; citing *Shook v. Proctor,* 27 Mich. 349; *Insurance Co. v. Bank,* 68 Id. 130.

*Champion & Champion (Alfred Russell,* of counsel), for appellant, contended:

1. Where a civil action is based upon an accusation of crime, the evidence must so far preponderate as to overcome the presumption of innocence, which is regarded as an established fact, to be overcome by other facts; citing *Welch v. Jugenheimer*, 56 Iowa, 11; *Thoreson v. 'Insurance Co.*, 29 Minn. 107.

2. The complainant must establish his case by a preponderance of proof that the facts exist which constitute all the elements necessary to the crime of embezzlement; citing *Ellis v. Buzzle*, 60 Me. 209; *Elliott v. Van Buren*, 33 Mich. 51; *Monaghan v. Insurance Co.*, 53 Id. 254.

3. Complainant has a complete and adequate remedy at law by an action of *assumpsit* for money had and received; citing *Beardslee v. Horton*, 3 Mich. 560; *Catlin v. Birchard*, 13 Id. 110; *Spencer v. Towles*, 18 Id. 9; *Heimbach v. Weinberg*, Id. 48; *Walker v. Conant*, 65 Id. 194; *Bank v. Fonda*, Id. 534; *Wright v. Dickinson*, 67 Id. 590; or by an action of trover for the value of the money; citing *Gordon v. Hostetter*, 37 N. Y. 99; or by replevin for the money itself.

4. The bill cannot be maintained, because, if the defendant were compelled to render an account as prayed, it might furnish evidence upon which an accusation of crime could be based; citing How. Stat. § 9151; 2 Perry, Tr. 846; § *Shaw v. Spencer*, 100 Mass. 388; and a defendant cannot be called upon or compelled to make any disclosure or to do anything which answering in the affirmative might lead to a criminal prosecution, or form a link in the chain of evidence in such a prosecution against him; citing Story, Eq. Pl. §§ 575, 577; Story, Eq. Jur. §§ 61, 1489; 1 Greenl. Ev. § 451; *March v. Davison*, 9 Paige, 580; *M'Intyre v. Mancius*, 16 Johns. 592.

GRANT, J. Complainant kept an hotel and saloon in the city of Coldwater. Defendant Holbrook was his bartender from December 1, 1889, to January 19, 1891. Complainant claimed a shrinkage in his hotel receipts, and suspected Holbrook of appropriating money from the saloon. The saloon was provided with a cash register having a bell, which was supposed to accurately register the receipts. January 19 he caused some silver dollars to be marked, and procured certain persons to make purchases of Holbrook at the bar, and give him in payment these marked

dollars. He then caused a warrant to be issued for Holbrook's arrest, charging him with the crime of embezzlement. The arrest was made by defendant Sweet, who was sheriff of the county. Two of the marked dollars were found in defendant's pocket. At the same time, complainant caused a search-warrant to be issued for two silver dollars. Acting under the authority of this search-warrant, Sweet, with others, proceeded to the defendant's house, and searched it. They there found $1,084.62 in money, of which $640 were in bills, in a pocketbook; $335 in gold, in a cigar-box; and $109.62 in silver, in cigar-boxes. Some articles of personal property, of trifling value, were also found, which were claimed by complainant. Sweet, by direction of the complainant, took possession of all this property.

Immediately thereafter complainant filed this bill, in which he charged that Holbrook had received a large sum of money, the precise amount of which he was unable to state, but which he averred to exceed $1,500, which he failed to pay over or to account for to him, and that he concealed and converted the same to his own use. The bill then alleged the facts in regard to the money in the hands of defendant Sweet; that complainant in equity had a lien on the fund in Sweet's possession; that Holbrook was insolvent, and threatened to commence suit against Sweet for the recovery of the money; and that complainant had no adequate remedy at law. The bill prayed for an accounting; that the fund in Sweet's hands be decreed to belong to the complainant; that Holbrook be enjoined from commencing an action at law for said fund; and that defendant Sweet be enjoined from paying over the same to him. Answer under oath was waived.

The defendant answered, without oath, denying the allegations in the bill charging him with appropriating complainant's money.

The case was heard in open court, and decree rendered for complainant for $1,066.80, and defendant Sweet was decreed to pay this amount to complainant.

It is first contended that complainant's remedy at law is adequate and complete, and that, therefore, this bill cannot be maintained. Complainant might have maintained an action at law, and either attached or garnished the fund in the hands of Sweet. It requires no citation of authorities, however, to show that courts of equity have in many cases concurrent jurisdiction with courts of law. The general rule is that courts of equity have jurisdiction to compel an accounting where fiduciary relations exist, or fraud is charged. Story, Eq. Jur. § 459; Pom. Eq. Jur. § 1421. Defendant Holbrook occupied a fiduciary relation to his employer. It was his duty to keep a true and accurate account of all the moneys received, and to pay them over or account for them. If he failed to do this, the funds retained by him became, in his hands, trust funds belonging to complainant. He is charged with a breach of his trust, which is clearly shown. Its extent is peculiarly within his knowledge. In such case choice of remedies is with the party aggrieved, and he may proceed in equity for an accounting, and pursue the fund. *Darrah v. Boyce,* 62 Mich. 480; *Wyckoff v. Machine Co.,* 43 Id. 309; *Pierce v. Holzer,* 65 Id. 264; *Clarke v. Pierce,* 52 Id. 157.

The fact that the acts complained of impute to the defendant the commission of a criminal offense, and that, if he were compelled to render an account, evidence might be produced forming the basis of a criminal accusation, does not oust the court of jurisdiction. This is a purely civil proceeding, and the only questions are, did Holbrook retain money belonging to his employer? and, if he did, how much? He could not, of course, be compelled to discover any facts tending to criminate himself, but this does

not prevent the trial of the issue made by the pleadings under the rules of evidence in civil actions. Story, Eq. Pl. § 525.

The most difficult question is whether the complainant has made a case entitling him to relief upon the merits. None of the money found in defendant's house was identified as the money received from the saloon. Aside from this money, the defendant's insolvency is admitted. His wife died before he was employed by complainant. He employed a housekeeper at five dollars per week. His family consisted of four, besides himself. His compensation was $30 per month. That he took the two marked dollars is conclusively proven. There was also proof that other small sums were taken, and that the cash register did not always ring when he received money. The amount and kind of money found in his house are significant.

Complainant testified that, after Holbrook left his employ, his receipts in the saloon for 10 months and 9 days were $2,571.40 greater than during a similar period when Holbrook was there, while the volume of business appeared about the same, and this is the only tangible evidence from which the amount taken can be inferred. On the other hand, there is evidence to show that other persons had charge of the saloon while Holbrook was at his meals; that at times he had an assistant; that sometimes complainant took money from the drawer without depositing slips therefor; that complainant gambled; that, after Holbrook left, the saloon was kept open on Sundays and after hours, contrary to law, which was not done while Holbrook was there; that no charge had ever before been made against him; that he possessed no bad habits; that he was economical, and bore a good reputation. His housekeeper, who was employed by him before he entered complainant's service, testified that he had money when she went there; but she does not say how much, nor testify as to her

source of knowledge. The evidence is voluminous, and many witnesses were sworn. The circuit judge saw the witnesses, and could better judge of the credit to be given them than we can. The fair conclusion from the record is, as found by the circuit judge, that Holbrook kept money belonging to his employer, though the amount positively proved to have been taken is small. It was impossible for him to support his family upon the amount of his compensation. It was within his power to show where the money found was obtained, and to relieve himself from liability, both civil and criminal, if he had obtained the money from other sources. He chose to make no explanation, or to show what portion, if any, of the moneys found was not taken from complainant. His silence in a civil action must be construed most strongly against him. An honest man would, under such circumstances, be impelled to testify in his own behalf.

We think the conclusion of the circuit judge correct, and the decree must be affirmed, with costs.

The other Justices concurred.