## LUCAS BUTTS *et al.*

*v.*

## THE COUNTY OF PEORIA.

*Opinion filed February 21, 1907—Rehearing denied April 10, 1907.*

1. PRACTICE—*when refusal to dismiss for want of attorney's authority to bring suit is proper.* Refusal to dismiss a bill by a county upon the ground that the State's attorney and his associate counsel were not authorized to bring the suit is proper, where the affidavit in support of the motion shows that the affiant found no such authority in the records of the board of supervisors from a certain time up to the filing of the bill, but there is nothing in the affidavit to show that such authority was not conferred prior to the period covered by affiant's search of the records.

2. SAME—*when replication may be filed after cause is re-docketed.* Where a decree enjoining the issuing of a tax deed is reversed for failure of the decree to find the amount due the defendant for taxes, etc., which should be paid to him as a condition precedent to the relief prayed, but the cause is remanded generally, the trial court may permit a replication to be filed and may hear proof as to the amount due, where the first trial was had upon the bill and answer, the record of certain escheat proceedings and the affidavit for the tax deed, since by going to trial in the first instance without a replication being on file the lack of the same was waived.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Peoria county; the Hon. N. E. WORTHINGTON, Judge, presiding.

This was a bill in chancery filed in the circuit court of Peoria county by the appellee, against the appellants, to enjoin the appellant Lucas Butts, as county clerk of Peoria county, from issuing a tax deed to certain real estate situated in said county to appellant Michael Harrigan under a certain tax sale certificate issued by the county clerk of said county and an affidavit filed by Harrigan with said county clerk, upon appellee paying to Harrigan, or to the county clerk for his use, the amount paid by him at said tax sale,

with subsequent taxes, interest and costs. The appellants filed answers to said bill, denying the appellee was entitled to the relief prayed for, and Harrigan denied that the appellee had title to said premises. Upon the trial it was held that said affidavit was insufficient to authorize a tax deed to issue on said tax certificate, and a decree was entered in accordance with the prayer of the bill. An appeal was prosecuted to the Appellate Court for the Second District, and while the decree was held to be correct upon the merits, it was reversed on the ground it failed to fix in dollars and cents the amount which the appellee should pay Harrigan as the amount of his bid at the tax sale, and subsequent taxes, interest and costs, as a condition precedent to the granting of the relief prayed for in the bill, and the case was remanded to the circuit court. (*Harrigan* v. *County of Peoria,* 106 Ill. App. 218.) Upon the case being re-instated in the circuit court the appellants made a motion to dismiss the case upon the ground that the solicitors who filed the bill were not authorized to represent the appellee, which motion was overruled. Thereupon the appellee filed a replication to the answers of the appellants, and the case was referred to the master, who reported the amount due to Harrigan as the amount of his bid at the tax sale and for subsequent taxes, interest and costs, and objections to the master's report, which were renewed as exceptions, having been overruled by the court, a decree was entered substantially in the language of the first decree, enjoining the appellant Butts, as county clerk, from issuing to the appellant Harrigan a deed upon said tax sale, certificate and said affidavit, and providing that the appellee pay to Harrigan within ten days, to make said injunction effectual, the sum of $356.40, which the decree found had been tendered to the appellant Harrigan by the appellee, and which amount he had refused to accept, whereupon that amount was ordered deposited with the county clerk of said county, which the decree finds had been accordingy done, and the injunction was made perpetual.

CHARLES A. KIMMEL, for appellants.

ROBERT SCHOLES, State's Attorney, and JACK, IRWIN, JACK & DANFORTH, for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

It is first contended that the court erred in declining to dismiss the case on the ground that the solicitors who filed the bill were without authority to represent the appellee in filing said bill. The motion was based upon the affidavit of Harrigan, which states that Harrigan had searched the records of the board of supervisors of Peoria county from the first Monday of December, 1900, to and including July 22, 1901, the date when the bill was filed, and was unable to find any record authorizing the State's attorney of said county, and the other solicitors who signed the bill, to institute said suit or to act in any manner for complainant. The State's attorney, or the other solicitors in the case for appellee, may, from aught that appears from said affidavit, have been authorized by appellee, prior to the first Monday of December, 1900, to file the bill for and on its behalf against appellants, which would have authorized them to commence the suit. We think the circuit court did not err in declining to dismiss the case for want of authority in the solicitors of appellee to commence the suit, in view of the showing made in support of said motion.

It is further urged that the court erred in declining to strike appellee's replication to appellants' answers from the files, and in referring the case to the master to take proofs, and in basing a decree upon the master's finding of the amount due the appellant Harrigan for the amount of his bid, subsequent taxes, interest and costs. When the case came back from the Appellate Court, we are of the opinion the circuit court might, in accordance with the view expressed by the Appellate Court, in the exercise of a sound discretion, as the cause was remanded generally, permit a

replication to be filed by appellee and proof to be taken before the master to establish the amount of taxes, if any, which the appellant Harrigan had paid subsequent to the tax sale, in order that a decree might be entered fixing the amount which should be paid to Harrigan by appellee as the amount of his bid, subsequent taxes, interest and costs, in accordance with the view of the Appellate Court, if a replication was necessary to be filed in order that such proof might be received and considered by the court.

The title to the premises covered by the tax sale was formerly in Addie Cole. She died intestate. The county of Peoria prosecuted certain proceedings in the circuit court of that county, in which a decree was entered declaring the county of Peoria to be the owner of said premises by escheat. Pending that proceeding the premises were sold for taxes to appellant Harrigan. He failed, however, to give the county of Peoria notice of the tax sale, as appears from his affidavit filed with the county clerk, in accordance with the statute, before the time of redemption from such sale had expired, and as it appeared the county of Peoria had an interest in the premises and was not notified of such tax sale, in accordance with the statute, prior to the time when the period of redemption expired, it was held by the trial and by the Appellate Courts on the first appeal, that for want of such notice the county clerk was not authorized by law to issue a deed upon said tax sale to Harrigan. On the second trial and upon the second appeal to the Appellate Court, and upon this appeal, the correctness of the holding of the Appellate Court upon the first appeal is not called in question by the appellants, but their contention now is, that as no replication was filed prior to the disposition of the case upon the first appeal in the Appellate Court, the first trial was had upon bill, answer and exhibits, and that the case, upon being remanded, should again have been tried upon the bill, answer and exhibits, and without permitting the appellee to introduce evidence to show the amount which should be

226—18

paid to the appellant Harrigan in satisfaction of said tax sale, subsequent taxes, interest and costs, as a condition precedent to the issuing of an injunction, and that as the bill, answer and exhibits fail to show such amount, the bill, upon the case being re-instated, should have been dismissed by the trial court.

While it is true no replication was originally filed, the case was tried upon the bill and answer and the record of the escheat proceedings and the affidavit of Harrigan filed with the county clerk at the time he applied for a deed under said tax sale, certified copies of which record and affidavit were filed with and attached to said bill. The case was not, therefore, tried upon bill and answer, and the parties having proceeded to trial without a replication having been filed, and the decree having been reversed by the Appellate Court on the ground that it was necessary to recite in the decree the amount which should be paid to appellant Harrigan by the appellee to reimburse him for the amount he had paid at the tax sale and for subsequent taxes and costs, it was proper, when the case was re-docketed in the trial court after the first appeal to the Appellate Court, to hear proof as to the amount which the appellant Harrigan had paid at the tax sale and subsequent thereto, as a condition precedent to the issuing of a perpetual injunction enjoining the issuing of a tax deed upon said tax sale, even though no replication had been filed, as by going to trial in the first instance without a replication being on file the lack of a replication was waived. *Marple* v. *Scott,* 41 Ill. 50; *Jones* v. *Neely,* 72 id. 449; *Imperial Fire Ins. Co.* v. *Shimer,* 96 id. 580.

Finding no reversible error in this record the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*