L. STARKS CO. *v.* BIGLER.

LIENS—ACCOUNTING—FOLLOWING TRUST FUNDS.

Complainant, who charged that defendant in a bill for accounting had appropriated to his own use funds furnished to buy potatoes by complainant, had the burden of showing that he had used the money in improving his real property in order to entitle the complainant to a lien on the realty, and where defendant denied so employing the funds entrusted to him but testified as to the source from which he had procured them, in the absence of evidence to overcome his claim, the court rightly denied a lien in favor of complainant.

Appeal from Oceana; Sessions, J., presiding. Submitted April 21, 1913. (Docket No. 194.) Decided May 28, 1913.

Bill by the L. Starks Company against Clark O. Bigler for an accounting. From a decree for complainant, denying part of the relief claimed, complainant appeals. Affirmed.

*Hall & Gillard,* for complainant.

*Cross, Vanderwerp, Foote & Ross,* for defendant.

OSTRANDER, J. The bill was filed for an accounting, and, besides claiming that complainant furnished defendant considerable money for the purchase of potatoes, which was not accounted for, charges that some of the money was used by the defendant in the construction of certain buildings, upon which, and upon the land they are built upon, complainant prays it may be decreed to have a lien. After a hearing upon the merits the court found that defendant is indebted to complainant for $3,832.99, and that the proofs do not sustain the right to a lien. Decree was entered accordingly. Complainant has appealed, questioning the court's conclusion that it is not entitled to a lien. Defendant has not appealed, and no brief has been filed in this court in his behalf.

What relief should have been granted, in case complainant had shown that its funds were actually used by defendant to pay for the property upon which the lien is claimed, we need not determine. We agree with the court below that upon this subject the testimony does not support complainant's theory. The case of *Warren* v. *Holbrook,* 95 Mich. 185 (54 N. W. 712, 35 Am. St. Rep. 554), relied upon by complainant, is, in its facts, very much unlike the case at bar. In that case defendant declined to offer any explanation for his possession of a sum of money claimed by his employer to have been stolen from him. Defendant's circumstances, wages, and expenses negatived his legitimate possession of such a sum of money. A small part of it was marked money; his taking which

was conclusively established. In the case at bar defendant tells where and how he obtained the funds. His story, if true, might have been corroborated, and in most respects was not; but, having made his statement, it was presumably open to complainant to dispute it.

We affirm the decree, with costs of this court to the appellee.

STEERE, C. J., and MOORE, McALVAY, BROOKE, KUHN, STONE, and BIRD, JJ., concurred.