### GRANT v. GIUFFRIDA et al.

(Court of Appeals of District of Columbia. Submitted May 4, 1920. Decided June 2, 1920.)

#### No. 3392.

1. **Equity** ⊜⇒46—**Where there is adequate remedy of law, equity will not afford relief.**

Wherever a court of law may take cognizance of a right, and has power to proceed to a judgment affording a plain adequate remedy, the constitutional right of a trial by jury may not be abridged by resort to a court of equity, and a bill seeking only a decree for the payment of money will not lie.

2. **Injunction** ⊜⇒43—**Will not lie to enjoin payment of moneys to defendant pending an accounting.**

Where a bookkeeper misappropriated funds, employer was not entitled to enjoin third persons from paying defendant bookkeeper money, or turning over property alleged to belong to him, pending an accounting; there being a complete and adequate remedy at law, and the fact that the bookkeeper sustained a fiduciary relationship to plaintiff not being alone sufficient to confer equity jurisdiction.

Appeal from the Supreme Court of District of Columbia.

Bill by Joseph Giuffrida and John Giuffrida, copartners trading as J. Giuffrida & Bro., against Charles M. Grant and others. From an order enjoining certain defendants from paying over to defendant Grant moneys, credits, or securities pending the final determination of the suit against him, defendant Grant appeals. Reversed and remanded.

Dan Thew Wright and Philip Ershler, both of Washington, D. C., for appellant.

H. S. Barger and P. H. Marshall, both of Washington, D. C., for appellees.

ROBB, Associate Justice. Special appeal from an order in the Supreme Court of the District, enjoining certain defendants from paying over or delivering to appellant Grant, a defendant below, moneys, credits, or securities, pending the final determination of the suit against Grant for an accounting.

The facts, as stated in the bill, are substantially as follows:

On November 1, 1919, Giuffrida & Bro., plaintiffs below and appellees here, wholesale and retail dealers in leather and shoe findings in this city, employed Grant as bookkeeper and cashier. The latter

⊜⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

part of February, 1920, having reason to suspect the integrity of Grant, the plaintiffs "employed an expert accountant to examine and audit their books and accounts, for the purpose of ascertaining the extent of any misappropriation by defendant Grant of the funds of the plaintiffs, and said audit is still in progress, and, owing to the magnitude of the work necessary to be done to complete the same it cannot be completed for at least ten days or two weeks."

At the time of the filing of the bill on March 5, 1920, the examination and audit had disclosed that Grant "wrongfully obtained and misappropriated to his own use approximately $3,038.70." The investigation also "disclosed facts which indicate that the extent of the misappropriation by the defendant Grant of moneys belonging to the plaintiffs' firm may exceed $14,000." Plaintiffs were informed and believed that Grant "is a depositor with the defendant Commercial National Bank, which is indebted to him on book account as such depositor, and that said Grant has securities and valuables in a safety deposit box of said defendant bank, and also that the defendant Grant has a balance due him from, and valuable securities in the possession of, the defendants Wm. B. Hibbs and W. W. Spaid, copartners, and defendants J. Upshur Moorhead, A. Robert Elmore, and Harry R. Duryee, copartners, as aforesaid." Plaintiffs were unable to avail themselves of the remedy of attachment at law as against the defendant Grant "for the reason that plaintiffs do not know the amount due from him to them." Believing that Grant would "obtain possession of all his assets and property, and put the same beyond the reach of the plaintiffs, and make it impossible for them to recover the full amount due them from him by reason of his misappropriation of moneys of the plaintiffs," it was averred that plaintiffs were without remedy at law.

In the prayers of the bill there was sought a disclosure from all the various financial institutions named as defendants, an order restraining them from turning over to Grant any moneys or securities in their possession, "an accounting * * * to determine the indebtedness of the defendant Charles M. Grant to the plaintiffs," the appointment of a receiver or receivers to take charge of any and all moneys, credits, and property "of the defendant Charles M. Grant," and hold the same pending final disposition of the case, a decree "subjecting the moneys, credits, and property of the defendant Charles M. Grant in the custody or possession of any or all of the other defendants herein to the satisfaction or on account of such indebtedness of the said defendant Grant to the plaintiffs," and general relief.

[1] Wherever a court of law is competent to take cognizance of a right, and has power to proceed to a judgment affording a plain, adequate, and complete remedy, the constitutional right of a trial by jury may not be abridged by resort to a court of equity. Thus in Buzard v. Houston, 119 U. S. 347, 7 Sup. Ct. 249, 30 L. Ed. 451, it was ruled that a court of equity of the United States will not sustain a bill, in a case involving fraud, to obtain only a decree for the payment of money by way of damages, when a like amount might be recovered in an action at law. And in Curriden v. Middleton, 232 U. S. 633, 34 Sup. Ct. 458, 58

L. Ed. 765, which was a bill in equity for.damages caused by fraud and deception, and containing a prayer for discovery, the court said:

"As there is a prayer for final relief, the prayer for discovery must stand or fall with that, at least in a case like the present; there is no need to consider whether or how far bills for discovery alone have been displaced by the powers now given in actions at law. The relief sought is simply a decree for damages—for a large part of the moneys paid and obligations incurred were paid and incurred to others than Middleton, so that, although the word 'restitution' is used, there is no attempt to rescind, to follow a specific fund or to establish a trust. Being a suit for damages, the proper remedy is an action at law, as was held below."

The court further observed that "mere complication of facts alone and difficulty of proof are not a basis of equity jurisdiction."

[2] In the present case it will be noted that the moneys, credits, and securities alleged to be in the possession of the various financial institutions named as defendants are specifically averred to be the property of the defendant Grant. There is no intimation in the bill that these moneys, credits, and securities were wholly or partially derived from the plaintiffs, or were in fact the property of the plaintiffs. This is not an attempt, therefore, "to follow a specific fund, or to establish a trust." Nor may the bill be sustained on the prayer for an accounting. Grant was employed by plaintiffs for a period not exceeding 4 months. The books and accounts are in plaintiffs' possession, and, according to the bill, the plaintiffs were proceeding to have an expert accountant determine the amount due from Grant to them. No interrogatories were propounded to Grant, and we are at a loss to perceive wherein a suit at law would not afford as complete an opportunity to plaintiffs to establish the extent of Grant's indebtedness as would a suit in equity. While courts of equity have exercised a general jurisdiction in cases of mutual and complicated accounts, the case here is not of such a nature. This simply is an attempt, in a court of equity, to obtain a decree for the payment of money, when a similar recovery could be had in an action sounding in tort. The fact that Grant sustained a fiduciary relationship to the plaintiffs is not alone sufficient to confer jurisdiction upon a court of equity; the real test being whether a plain, adequate, and complete remedy may be had at law.

We do not deem it necessary to examine, in detail, the cases cited in support of the decree below. It is sufficient to say that they differ materially in their facts from this case. In Warren v. Holbrook, 95 Mich. 185, 54 N. W. 712, 35 Am. St. Rep. 554, much relied upon, the defendant not only was charged with a breach of trust, but plaintiff sought to pursue the fund wrongfully appropriated by the defendant. Had the plaintiff in the present case attempted to pursue funds wrongfully appropriated by Grant and in the hands of the defendants named in the bill, a different case would have been presented.

In the interests of justice, however, we are of the view that the plaintiffs should be permitted, if so advised, to amend their bill upon reasonable terms, or in the alternative to transfer the case to the law side of the court.

The decree must be reversed, with costs, and the case remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.