## JACKSON v. SNYDER.

(Court of Appeals of District of Columbia. Submitted October 3, 1923. Decided November 5, 1923.)

### No. 3979.

Habeas corpus ⬅113(12)—Trial court's decision, based on conflicting evidence, not disturbed.

A trial court's decision in habeas corpus proceeding that alleged fugitive from justice in an extradition proceeding was in the demanding state at the time of the commission of the alleged offense, based on conflicting evidence, will not be disturbed on appeal.

Appeal from the Supreme Court of the District of Columbia.

Habeas corpus proceeding by R. Jackson, alias Red Jackson, opposed by Edgar C. Snyder, United States Marshal in and for the District of Columbia. From a judgment discharging the writ, petitioner appeals. Affirmed.

Armond W. Scott and Royal A. Hughes, both of Washington, D. C., for appellant.

Peyton Gordon and O. E. Koegel, both of Washington, D. C., for appellee.

Before SMYTH, Chief Justice, ROBB, Associate Justice, and BAILEY, Judge of the Supreme Court of the District of Columbia.

SMYTH, Chief Justice. Jackson was arrested as a fugitive from the justice of the commonwealth of Virginia on a warrant issued by the Chief Justice of the Supreme Court of the District of Columbia at the request of the Governor of Virginia. Having petitioned for a writ of habeas corpus to test the question as to whether he was legally detained under the warrant, the writ was issued and he was brought before the Supreme Court for hearing. The court found that he was a fugitive as charged, dismissed the petition, discharged the writ, and remanded the petitioner to the custody of the marshal.

The regularity of the extradition papers is not questioned, and the only basis upon which the appellant seeks a reversal of the judgment is that the court erred in finding that the petitioner was in the demanding state at the time of the commission of the alleged offense. Considerable testimony was taken tending to show that he was not in Virginia at that time, but there is also much testimony to the effect that he was. It was for the court below to consider this conflicting testimony and determine where the truth lay. When the evidence is thus in dispute, or where different conclusions may be drawn from admitted facts, we as a reviewing court have no right to disturb the finding of the trial court. Ornelas v. Ruiz, 161 U. S. 502, 509, 16 Sup. Ct. 689, 40 L. Ed. 787; Bryant v. United States, 167 U. S. 104, 105, 17 Sup. Ct. 744, 42 L. Ed. 94; McNamara v. Henkel, 226 U. S. 520, 523, 33 Sup. Ct. 146, 57 L. Ed. 330; Ellison v. Splain, 261 Fed. 247, 49 App. D. C. 99, 101, and cases there referred to; Lawson v.

United States Mining Co., 207 U. S. 1, 12, 28 Sup. Ct. 15, 52 L. Ed. 65; Cole v. Cole, 286 Fed. 764, 52 App. D. C. 302; and Campbell v. Willis, 53 App. D. C. 296, 290 Fed. 271, 273.

In the Cole Case we said:

"The testimony was in sharp conflict. The triers of fact saw the witnesses, heard them testify, and observed their demeanor on the witness stand. We are denied this advantage, and hence are not in as good a position as they were to pass upon the credibility of the testimony. It is the settled rule that where such is the case the finding of the lower court will not be disturbed, unless it is palpably wrong."

The finding of the trial justice in this case was not palpably wrong, but rested on substantial testimony. The following language was used by Judge Brewer in Re Herres, 33 Fed. 165, 167:

"I might observe, with reference to these extradition proceedings, that the substance, and not the form, should be the main object of inquiry, and that they should not be conducted in any technical spirit with a view to prevent extradition."

This is in harmony with the trend of all federal decisions upon the subject.

Much confidence is placed by the appellant on our decision in Levy v. Splain, 267 Fed. 331, 50 App. D. C. 31, but it lends no support to his contention. In that case the trial justice found that the petitioner was not in the demanding state on the date on which the crime was committed. We sustained this finding, and, following a decision of the Supreme Court of the United States, held that, in view of the finding, the petitioner was entitled to his discharge. If in this case the trial court had found, upon the conflicting testimony, in favor of the petitioner, we would probably sustain the finding, but he did not.

The judgment of the lower court is affirmed, with costs.

Affirmed.