COUNTY OF CASS *v*. SHATTUCK.

1. SHERIFFS AND CONSTABLES—SALARY—ACCOUNTING FOR FEES.

Sheriff to whom is paid a salary by the county, pursuant to statute, has the duty to keep a true and accurate account of all moneys received by him belonging to the county and pay it over to its treasurer (1 Comp. Laws 1929, § 1346, as amended by Acts Nos. 60, 202, Pub. Acts 1931).

2. EQUITY—JURISDICTION—ACCOUNTING BY SALARIED SHERIFF—DISCOVERY—FIDUCIARIES.

Equity has jurisdiction to hear and adjudge facts, alleged in county's bill of complaint against salaried sheriff to account for fees received by himself and deputy, where several hundred items of a complicated nature are involved and facts necessary for discovery of the extent of the alleged fraud are peculiarly within the knowledge of the sheriff whose relation to plaintiff was a fiduciary one, and to give relief in accordance therewith (1 Comp. Laws 1929, § 1346, as amended by Acts Nos. 60, 202, Pub. Acts 1931).

3. SAME—JURISDICTION—FRAUD—FIDUCIARIES.

Where a person holding confidential and fiduciary relations to another and thereby morally and legally bound to communicate facts, conceals them for his own benefit, and to the disadvantage of the other, he is guilty of a fraud entitling the defrauded party to relief in equity; and it makes no difference that an adequate remedy exists at law, for equity has concurrent jurisdiction in such a case.

4. SAME—ACCOUNTING—FIDUCIARIES—FRAUD.

Generally courts of equity have jurisdiction to compel an accounting where fiduciary relations exist or fraud is charged.

5. SHERIFFS AND CONSTABLES—SALARY—ACCOUNTING FOR FEES AND SUPPLIES—CONCURRENT JURISDICTION.

Failure of salaried sheriff to pay to county all fees coming into his hands as such officer and to be honest in purchase of jail supplies constituted a fraud which entitled county to an ac-

counting in a court of equity or relief in a court of law, hence chancery court had jurisdiction (1 Comp. Laws 1929, § 1346, as amended by Acts Nos. 60, 202, Pub. Acts 1931).

6. Equity—Multifariousness—Discretion of Court.

There is no abstract rule by which it may be determined whether or not a bill in equity is multifarious, it being a matter for the discretion of the court.

7. Same—Multifariousness—Discovery.

County's bill for accounting for fees received and purchases made by salaried sheriff who had held office for period of eight years and respective sureties on his bonds for first and last four years of tenure *held*, not multifarious notwithstanding sureties are not jointly liable one with the other, where it is necessary to discover amount for which defendant sheriff and respective sureties are liable.

8. Same—Joinder of Sureties—Discovery.

Joinder of sureties on bonds of sheriff for first and last four years respectively of his eight-year tenure of office *held*, not to have effected a misjoinder of parties where it is necessary to discover amount for which defendant sheriff and respective sureties are liable and multiplicity of suits is also avoided.

9. Counties—Suit for Accounting Against Sheriff—Pleading of Authority—Jurat.

Averment in bill of complaint in county's suit against sheriff for accounting as to fees received and purchases made of jail supplies that plaintiff had authority from board of supervisors to institute suit *held*, unnecessary, especially where in jurat attached to the bill of complaint attorney for plaintiff stated he was duly authorized to sign the bill in the name of the plaintiff, it being assumed in the absence of any showing to the contrary that the suit was properly instituted.

Appeal from Cass; Warner (Glenn E.), J. Submitted January 6, 1939. (Docket No. 53, Calendar No. 40,254.) Decided April 25, 1939.

Bill by County of Cass against James Arthur Shattuck, Fidelity & Casualty Company of New York, a New York corporation, and Seaboard Surety Company, a New York corporation, for an accounting and for other relief. Motion to dismiss denied. Defendants appeal. Affirmed.

*Asa K. Hayden* and *Lewis W. James,* for plaintiff.

*Clarence M. Lyle* and *Ulysses S. Eby,* for defendants.

CHANDLER, J.   On March 30, 1938, the county of Cass, plaintiff and appellee herein, filed a bill in equity for an accounting against James Arthur Shattuck, The Fidelity & Casualty Company of New York and The Seaboard Surety Company, defendants and appellants.   Plaintiff alleges that the defendant, James Arthur Shattuck, was duly elected sheriff of Cass county, which office he continued to occupy down to the date of the filing of plaintiff's bill by reason of having been elected biannually since January 1, 1931.   The defendant The Fidelity & Casualty Company of New York was the surety on the sheriff's bond for his first two terms, and the defendant, The Seaboard Surety Company, became surety on the bond of said sheriff during the last two terms.

Sheriff Shattuck, on January 1, 1931, appointed his son, Emerald A. Shattuck, deputy sheriff, and subsequently appointed him undersheriff.

The bill of complaint shows that the salaries of the sheriff, his deputies, and undersheriff were fixed by the board of supervisors in accordance with the provisions of Act No. 237, Pub. Acts 1919, as amended (1 Comp. Laws 1929, § 1346, as amended by Acts Nos. 60, 202, Pub. Acts 1931 [Comp. Laws Supp. 1935, § 1346, Stat. Ann. § 5.911]); that the salaries so provided for were paid, and that it thereby became the duty of the sheriff to pay over to the county treasurer all fees collected by him and his appointees in the capacities of sheriff, deputy and

undersheriff. The bill further alleges that the sheriff and/or his appointees have collected fees from the sale of real estate on foreclosure of mortgages, fees for service of civil process and for transportation of prisoners to penal institutions in excess of $2,200, and has not paid or accounted to the said county of Cass or its treasurer therefor; that said sheriff by his appointee, his son, has purchased supplies for the county building which were not delivered, and has purchased other supplies in quantities and at prices which were excessive; that said sheriff is liable for such purchased supplies as have not been delivered and for the prices that have been paid in excess of what said supplies were worth; and that plaintiff has been defrauded by the acts of said sheriff and his appointee. The bill also alleges fraud on the part of the sheriff and his appointees in the collection and retention of fees which the said sheriff was bound to account for and to pay over to the treasurer of the county of Cass. The bill alleges that plaintiff does not have an adequate remedy at law, and prays for an accounting in respect to fees collected and withheld and moneys fraudulently obtained from the county of Cass by said sheriff and his appointee or appointees, and asks for a decree for the amount found to be owing to said county, together with a determination of the respective amounts due the plaintiff by the defendant surety companies on their respective bonds, and for the payment of said amounts so found to be due.

Defendants filed a motion to dismiss the bill of complaint, claiming that a court of equity was without jurisdiction; that plaintiff had an adequate remedy at law; that the bill of complaint was multifarious; that a public officer could not be required to make an accounting; that the sureties were not

jointly liable; and that no authority to commence the suit in question was alleged in plaintiff's bill of complaint; which motion was denied by the trial court, and this appeal on the part of all of the defendants followed. The attorneys for the respective parties are in accord that the questions involved in the appeal are:

(1) Has the chancery court jurisdiction of the matters alleged in the bill of complaint?

(2) Has the plaintiff a full, adequate and complete remedy at law?

(3) Is the plaintiff entitled to an equitable accounting for the fees received by the sheriff and his deputy and undersheriff, and also for moneys unlawfully paid for jail supplies?

(4) Is the bill of complaint multifarious?

(5) Is it mandatory that the board of supervisors of Cass county authorize the suit in question, and is it necessary that the bill of complaint contain an averment to this effect?

Bearing in mind that the bill of complaint alleges fraud on the part of the defendant Shattuck and seeks an accounting from him for money unlawfully withheld from plaintiff, questions one, two and three will be considered together.

It was the duty of the sheriff to keep a true and accurate account of all moneys received by him belonging to plaintiff, and to pay the same over to plaintiff's treasurer. Inasmuch as the items involved are several hundred in number, and are of a complicated nature, and the facts necessary for the discovery of the extent of the alleged fraud are peculiarly within the knowledge of said sheriff, and because the relation of the sheriff to plaintiff was a fiduciary one, we hold that equity has jurisdiction to hear and adjudge the facts alleged in the bill of

complaint, and to give relief in accordance therewith. We think the following quotation from *Tompkins* v. *Hollister* (syllabus), 60 Mich. 470, is conclusive of this question:

"Where a person holding confidential and fiduciary relations to another and thereby morally and legally bound to communicate facts, conceals them for his own benefit, and to the disadvantage of the other, he is guilty of a fraud entitling the defrauded party to relief in equity; and it makes no difference that an *adequate* remedy exists at law, for equity has *concurrent* jurisdiction in such a case."

The case of *Warren* v. *Holbrook,* 95 Mich. 185 (35 Am. St. Rep. 554), definitely determines that a court of equity has jurisdiction of the instant case. In that case, defendant, a bartender, wrongfully appropriated customers' receipts to his own use. The saloon keeper filed a bill in equity for an accounting and for a decree for payment of the amount found owing. A decree in favor of plaintiff was allowed and affirmed on appeal, the court saying:

"It requires no citation of authorities, however, to show that courts of equity have in many cases concurrent jurisdiction with courts of law. The general rule is that courts of equity have jurisdiction to compel an accounting where fiduciary relations exist, or fraud is charged. 1 Story, Equity Jurisprudence (13th Ed.), p. 458 *et seq.,* § 459; 3 Pomeroy, Equity Jurisprudence, p. 1294, § 1421. Defendant Holbrook occupied a fiduciary relation to his employer. It was his duty to keep a true and accurate account of all the moneys received, and to pay them over or account for them. If he failed to do this, the funds retained by him became, in his hands, trust funds belonging to complainant. He is charged with a breach of his trust, which is clearly shown. Its extent is peculiarly within his knowledge. In such

case choice of remedies is with the party aggrieved, and he may proceed in equity for an accounting, and pursue the fund."

In the instant case, as we have heretofore stated, the relationship existing between the sheriff and plaintiff was clearly fiduciary. He was bound to account for and to pay to plaintiff all fees coming into his hands as such officer. He was bound to be honest with the plaintiff in the purchase of jail supplies. His failure to do so constituted a fraud which entitled plaintiff to an accounting in a court of equity, or relief in a court of law. We, therefore, hold that the chancery court had jurisdiction, and that the contentions of defendants as applied to this branch of the case are without merit.

Is the bill of complaint multifarious because two different sureties on two different bonds are joined with the sheriff as defendants in a case where they are not jointly liable for the matters complained of in the plaintiff's bill of complaint? It is true that there is no joint liability on the part of these two surety companies but it is also true that one surety company is liable for any defalcation on the part of the sheriff during the first four years of his incumbency, and the other surety company is liable for any defalcation occurring in the succeeding years. And plaintiff alleges in its bill of complaint that until the other defendant, the sheriff, makes discovery as to the various amounts he has converted to his own use, which belong to plaintiff, there cannot be determined the amounts due from the respective surety companies.

This court said in *Torrent* v. *Hamilton*, 95 Mich. 159:

"There seems to be no abstract rule in the books which can be universally applied as to what consti-

tutes multifariousness. Each case seems to have been determined with reference to its own facts and circumstances, and consequently the cases upon the subject are extremely various. As is said in a note to 1 Daniell, Chancery Pleading & Practice (5th Ed.), p.334:

" 'The substance of the rules on the subject appears to be that each case is to be governed by its own circumstances, and must be left in a great measure to the sound discretion of the court.' "

In the case at bar, the plaintiff is concerned with discovering the amount that the defendant sheriff is indebted to it by reason of his alleged fraudulent acts and the fraudulent acts of his deputy and undersheriff, and in securing a decree against said sheriff for the amount found due upon an accounting of the funds misappropriated by him and his appointee. The plaintiff is also concerned in knowing in what years such defalcations occurred so that the surety company that was on his bond for that term can be required to pay if the principal does not, and also for the amount of the defalcations for the other term or terms on the bond for which the other company is obligated, and in requiring payment by said company if the principal does not discharge such obligation. We do not find that the bill is multifarious or that there is a misjoinder of parties in this action, but that to avoid a multiplicity of suits it is entirely proper to join these parties in one action to require a compliance with the obligations respectively entered into by them.

In *Buck* v. *Lockwood* (syllabus), 193 Mich. 242, we held:

"It was not a ground of objection to a bill of complaint, filed against a decedent's estate, for an accounting and the allowance of a note against the estate and to set aside a deed of trust property by

a trustee defendant, that it was multifarious, where all the defendants were interested, though separately, or in different degrees, as to the subject-matter of the controversy.''

Defendants contend that the motion to dismiss should have been granted because of the failure of plaintiff to aver authority from the board of supervisors to institute the suit. No authority has been submitted upon this question, and, after consideration thereof, we believe that such an averment was unnecessary. In the jurat attached to the bill of complaint, the attorney for plaintiff on oath says, ''that he is duly authorized to sign the name of the plaintiff, county of Cass, State of Michigan to the foregoing bill of complaint.'' It is fair to assume in the absence of any showing to the contrary, and we do assume, that the suit was properly instituted. See *Butts* v. *Peoria County,* 226 Ill. 270 (80 N. E. 765).

The order of the trial court dismissing defendant's motion is affirmed, with costs to plaintiff.

BUTZEL, C. J., and WIEST, BUSHNELL, SHARPE, POTTER, NORTH, and McALLISTER, JJ., concurred.