OTTAWA COUNTY CLERK v OTTAWA COUNTY BOARD OF
COMMISSIONERS

Docket No. 79708. Submitted March 8, 1985, at Grand Rapids.—
Decided September 4, 1985. Leave to appeal applied for.

In 1975, the Ottawa County Board of Commissioners created the
position of County Controller with the intention that the per-
son appointed to that position would act as the chief financial
officer for the county. At that time, the appointed controller
assumed the accounts payable function of the county clerk and
all personnel materials, ledgers and vouchers were transferred
to the controller's office. The Ottawa County Clerk filed a
complaint against the Ottawa County Board of Commissioners
and the Ottawa County Controller in Ottawa Circuit Court
seeking a declaratory judgment as to the duties and functions
of the county clerk as compared to those of the county control-
ler and a writ of mandamus directing defendants to return the
accounts payable functions to the office of the county clerk.
Plaintiff claimed that the duties of the office of county clerk
include (1) receiving and processing claims against the county,
*i.e.,* the accounts payable function, (2) preserving and maintain-
ing the cost classification ledger, and (3) check writing for
expenditures and payroll under the county budget. In addition,
plaintiff claimed that he must have control over the use of his
signature on the county check protector. The court, George R.
Cook, J., denied the writ of mandamus, holding that (1) the
clerk is the record keeper or custodian of the board's original
records; (2) the clerk still had in his possession all the "original
books and records" of the board as contemplated by statute; (3)
the controller is the accounting officer or bookkeeper of the

REFERENCES FOR POINTS IN HEADNOTES

[1] Am Jur 2d, Mandamus §§ 380 *et seq.*
   See the annotations in the ALR3d/4th Quick Index under topic
   Mandamus.
[2-8] Am Jur 2d, Municipal Corporations, Counties, and Other Politi-
   cal Subdivisions §§ 231 *et seq.*
   See the annotations in the ALR3d/4th Quick Index under topic
   Counties.
[9] Am Jur 2d, Appeal and Error § 7.
   Am Jur 2d, Statutes §§ 142 *et seq.*

county as intended by statute; (4) the clerk is not entitled to possess vouchers or original source documents which are used merely to input data into the computer; and (5) since no statute requires the clerk's signature on any county checks, he can refuse to have his name impressed on the checks if he so desires. Plaintiff appealed. *Held:*

1. The accounts payable function, by which board-approved claims against the county are paid, is properly performed by the clerk, and allowing the clerk to perform the accounts payable function will not necessarily preclude the controller from fulfilling the duties imposed upon him by statute.

2. The county clerk is statutorily required to prepare, sign, and issue payroll warrants for the county sheriff, undersheriff, county clerk, county treasurer and register of deeds and their deputies. Plaintiff has established no clear legal right to issue any other checks or warrants.

3. Plaintiff's contention that the county clerk must possess the cost classification ledger for the county is without significance since no cost classification ledger exists under the controller's established accounting system.

4. Plaintiff can decline the use of his name on the county checks other than the payroll checks of the sheriff, undersheriff, county clerk, county treasurer and register of deeds and their deputies.

Reversed in part and remanded.

1. MANDAMUS — ACTIONS.

Mandamus lies only where there is a clear legal duty incumbent on the defendant and a clear legal right in the plaintiff to the discharge of such duty, and the specific act sought to be compelled must be of a ministerial nature, that is prescribed and defined by law with such precision and certainty as to leave nothing to the exercise of discretion or judgment.

2. COUNTIES — COUNTY CLERKS — BOARDS OF COMMISSIONERS.

The county clerk is designated as the clerk for the board of commissioners and, in such position, the clerk is responsible for preserving and filing all accounts acted upon by the board, and under no circumstances shall he allow such accounts to be taken from his office (MCL 46.4; MSA 5.324).

3. COUNTIES — BOARDS OF COMMISSIONERS — COUNTY CLERKS —
    BOOKS, RECORDS, AND ACCOUNTS.

The books, records and accounts of the county board of commissioners shall be deposited with their clerk; while such documents are to be made available to the public under the Michi-

gan Freedom of Information Act, no one may remove them from the clerk's office and refuse to return them, and the officer in custody shall not permit their removal except by court order, subpoena *duces tecum,* or for purposes of an audit (MCL 15.231 *et seq.,* 46.5, 750.491; MSA 4.1801[1] *et seq.,* 5.325, 28.759).

4. COUNTIES — COUNTY CONTROLLERS — POWERS AND DUTIES.

A county is empowered, through its board of commissioners, to appoint a county controller, and the controller shall be the chief accounting officer of the county and shall have charge and supervision of the accounts and accounting of every office, officer and department of the county, the whole or any part of the expense of which are borne by the county; the controller shall keep in his office a general ledger in which shall be set up controlling accounts which shall show at all times the assets and liabilities of the county, and each and every of its funds (MCL 46.13b; MSA 5.336).

5. COUNTIES — COUNTY CLERKS — BOOKS, RECORDS, AND ACCOUNTS — COUNTY CONTROLLERS.

A county board of commissioners may appoint a county controller who will oversee all of the books and accounts for every county officer or department notwithstanding the county clerk's exclusive possession and control of the board's books and accounts or any other officer's or department's possession and control of the books and accounts which relate thereto; the controller is to see that a system of accounting is implemented by every office, officer or department.

6. COUNTIES — COUNTY CLERKS — ACCOUNTS PAYABLE.

The accounts payable function of a county, by which claims against the county are approved for payment by the county board of commissioners, is properly performed only by the county clerk (MCL 46.11[q]; MSA 5.331[q]).

7. COUNTIES — COUNTY CONTROLLERS — COUNTY BUDGETS.

A county controller, as chief administrative officer of the county, has the final responsibility for budget preparation, presentation of the budget to the legislative body, and control of expenditures under the budget (MCL 141.434; MSA 5.3228[34]).

8. COUNTIES — PAYROLL — COUNTY CLERKS — COUNTY CONTROLLERS.

Pursuant to statute, the county clerk shall sign the warrants for the payroll of the sheriff, undersheriff, deputy sheriffs, county clerk, county treasurer, register of deeds, and the deputies of such officers; the county controller has no authority to sign the checks for these officers (MCL 45.403; MSA 5.913).

9. STATUTES — JUDICIAL CONSTRUCTION — COURT OF APPEALS.
   The Court of Appeals, when construing statutes, reads the statutes in their entirety and harmonizes all sections to create a consistent whole.

*Cunningham, Mulder & Breese, P.C.* (by *Gordon H. Cunningham* and *Ronald J. VanderVeen*), for plaintiff.

*Clary, Nantz, Wood, Hoffius, Rankin & Cooper* (by *Jack R. Clary* and *Douglas W. Van Essen*), for defendants.

Before: HOOD, P.J., and MACKENZIE and R. D. DUNN,* JJ.

PER CURIAM. Plaintiff is the elected Clerk of Ottawa County and is vested with the powers and duties imposed upon him by the Michigan Legislature through various enacted statutes. The defendant board of commissioners is the elected legislative and administrative body of the county, the duties and powers of which are also prescribed by statute.

In 1975, the board of commissioners created the position of county controller, the person appointed thereto to act as the chief financial officer for the county. At that time, the appointed controller assumed the accounts payable function of the clerk and all personnel materials, ledgers and vouchers were transferred to the controller's office.

Plaintiff filed his complaint against defendants on April 15, 1979, seeking a declaratory judgment as to the duties and functions of the county clerk as compared to those of the county controller and a writ of mandamus directing defendants to return those functions to the office of the county clerk. Following a bench trial, the trial court found in

* Circuit judge, sitting on the Court of Appeals by assignment.

favor of the defendants and denied the writ of mandamus. Plaintiff now appeals as of right.

At trial and on appeal, plaintiff claims the following are statutory duties of his office: (1) receiving and processing claims against the county, heretofore referred to as the accounts payable function; (2) preserving and maintaining the cost classification ledger; and (3) check writing for expenditures and payroll under the county budget. In addition, plaintiff claims that he must have control over the use of his signature on the county check protector.

In denying the writ of mandamus, the trial court determined that plaintiff "already has that which he essentially seeks". In particular, the trial court held that (1) the clerk is the record keeper or custodian of the board's original records; (2) the clerk has in his possession all the "original books and records" of the board as contemplated by statute; (3) the controller is the accounting officer or bookkeeper of the county as intended by statute; (4) the clerk is not entitled to possess vouchers or original source documents which are used merely to input data into the computer; and (5) since no statute requires the clerk's signature on any county checks, he can refuse to have his name impressed on the checks if he so desires. We reverse in part.

Both parties cite *Gogebic County Clerk v Gogebic County Bd of Comm'rs,* 102 Mich App 251; 301 NW2d 491 (1980), as controlling in this case. This Court agrees that no other Michigan decision has addressed the interrelationship between county clerk and controller.

In addition to addressing the substantive issue herein, *Gogebic* set forth the requirements for mandamus relief:

" 'Mandamus lies only when there is a clear legal

duty incumbent on the defendant and a clear legal right in the plaintiff to the discharge of such duty. *Miller v Detroit,* 250 Mich 633; 230 NW 936 (1930). The specific act sought to be compelled must be of a ministerial nature, that is, prescribed and defined by law with such precision and certainty as to leave nothing to the exercise of discretion or judgment. *Taylor v Ottawa Circuit Judge,* 343 Mich 440; 72 NW2d 146 (1955); *Bills v Grand Blanc Twp,* 59 Mich App 619; 229 NW2d 871 (1975); *State Board of Education v Garden City School District,* 62 Mich App 376; 233 NW2d 547 (1975).'" *Gogebic, supra,* 261, quoting, *Board of County Road Comm'rs of Oakland County v State Highway Comm,* 79 Mich App 505, 509; 261 NW2d 329 (1977), *lv den* 402 Mich 907 (1978).

The facts in *Gogebic* are strikingly similar to the instant case. The Gogebic County Clerk challenged the actions of the controller in removing and then retaining control of the books, records and accounts of the board of commissioners, and duties relating thereto, formerly in the possession of the clerk, and the actions of the board and the controller with respect to the endorsing of warrants and checks for the payment of claims from public funds. A major distinction between *Gogebic* and the instant case is that the Gogebic Controller was improperly hired by a subcommittee of the board, rather than the full board, contrary to MCL 46.13b; MSA 5.336. Thus, he lacked the authority to sign any checks. However, this distinction is insignificant to the present mission as this Court addressed the powers of the controller irrespective of whether he was properly hired. We find the decision and reasoning of *Gogebic* highly persuasive in resolving the issues in the case at bar.

The *Gogebic* Court summarized the duties and powers of the county clerk as set forth by statute:

"Under MCL 46.4; MSA 5.324, the county clerk is

designated as the clerk for the board of commissioners. This statute also states that, in such position, the clerk is responsible for, among other things, preserving and filing 'all accounts acted upon by the board, and [on] no account [shall he] allow such accounts to be taken from his office'. MCL 46.5; MSA 5.325, further provides that 'the books, records and accounts of the county board of commissioners shall be deposited with their clerk'. While such documents are to be made available to the public under the Michigan Freedom of Information Act, 1976 PA 442; MCL 15.231 *et seq.;* MSA 4.1801(1) *et seq.,* no one may remove them from the clerk's office and refuse to return them, MCL 750.491; MSA 28.759, and the officer in custody shall not permit their removal except by court order, subpoena *duces tecum,* or for purposes of an audit. MCL 750.492; MSA 28.760." 102 Mich App 262-263.

Then the Court reviewed the powers and duties of the county controller, also set forth by statute:

"The controller shall be the chief accounting officer of the county and shall have charge and supervision of the accounts and accounting of every office, officer and department of the county, the whole or any part of the expense of which are borne by the county. *The controller shall see that a system of accounting is installed and property [sic] kept by every office, officer and department of the county in strict accord with the provisions of law,* and in addition to which he may prescribe and direct the keeping of such other accounts and records and the making of such reports as in his judgment are necessary to properly record and report the financial transactions of the county. All county officers or employees shall furnish such information respecting all county matters in their charge as the controller shall require. The controller shall keep in his office a general ledger in which shall be set up controlling accounts which shall show at all times the assets and liabilities of the county, and of each and every of its funds. The controller shall examine regularly the books and accounts of the several officers, agents and departments of the county and report his findings to the board

of supervisors at such times as they shall prescribe. * * * *The controller shall perform such other duties as the board of supervisors may impose."* MCL 46.13b; MSA 5.336. (Emphasis added.)

The Court reasoned:

"The language of this statute, on its face, does not conflict with the provisions of §§ 4 and 5 noted above. Rather, it suggests that the controller should oversee (supervise) the books and accounts of *all* county offices and departments. It says nothing about *possession* of such accounts; such an arrangement would complicate rather than streamline county finances. And yet, if the controller were intended to have custody and control over the board's books and accounts, the statute should so state, since such would clearly contradict the clerk's statutes. Further, if possession and control of the board's accounts was found to be mandated by the above statute, the controller would likewise have to assume possession and control over all county books and accounts; clearly, the statute does not distinguish between the accounts of one office or department and those of another." (Emphasis in *Gogebic.)* 102 Mich App 263.

Accordingly, the Court concluded that the controller lacked the statutory basis to take possession and control of the board's books and accounts because such possession and control is placed by statute in the county clerk, *Gogebic,* p 265, and affirmed the trial court's issuance of the writ of mandamus.

In the instant case, plaintiff testified that he possesses all board records, including the list of approved claims, revenue receipts and special payroll vouchers. He contends, however, that he is more than a mere recordkeeper. He argues that he

must also perform the accounts payable function. Thus, the issue in this case is whether the phrase "control of the board's books and accounts" means mere custodial recordkeeping or whether it entails the accounts payable function.

A review of this Court's opinion in *Gogebic* alone suggests that all this Court decided was whether the clerk is the proper custodian of the board's records. The decision did not fully address the accounts payable function. However, as mentioned above, this Court affirmed a writ of mandamus that addressed far more than which office is to maintain possession of the board's records.

In *Gogebic*, all claims were forwarded directly to the controller who entered the claims in a claims and accounts ledger for submission to the finance committee. *Gogebic*, pp 257-258. The trial court in *Gogebic* stated in its opinion: "The board by removing the physical control of the book of claims, the book containing the board proceedings, and other books, records and accounts of the county board of commissioners from the county clerk's office to the controller's office has eliminated procedural safeguards, and this is a violation of a public trust." Thus, while this Court's opinion does not specifically state who shall perform the accounts payable function, it is implicit in the affirmance of the writ that claims are to be processed by the clerk.

In *Gogebic*, this Court stated:

"The scheme provided by the interrelationship of §§ 4 and 5 and § 13b may be envisioned as a network which is wheel-shaped. The controller is the hub; the several offices, officers and departments which by their nature require the keeping of individual books and accounts are the spokes. Each spoke has day-to-day responsibility for its books and accounts, albeit under a system of accounting imposed by the controller. The financial

data gathered in each of the books and accounts is funneled to the board through the controller, whose general ledger will then reflect an up-to-date overall view of the county's finances. In this manner, a person or entity interested in a financial picture of the county need only go to the controller's general ledger rather than to each of the books and accounts *seriatim.*" *Gogebic, supra,* pp 264-265.

Applying this rationale to the case at bar, we conclude that board transactions, which include the approval of certain claims, constitute one of the "spokes of the hub", giving the board day-to-day responsibility for its accounts and books. Since the clerk is, by statute, required to preserve and file all accounts acted upon by the board, and retain custody and control of the board's books, records, and accounts, we hold that the accounts payable function, by which board-approved claims against the county are paid, is properly performed only by the clerk.

Support for this interpretation is found in MCL 46.11(q); MSA 5.331(q), which provides that no claim, bill or charge shall be allowed by the board unless it has been *filed* with the county clerk at least four days before a regular board meeting. The statute further requires the clerk to "keep a book in which all claims in the order in which the claims are presented, giving the name of the claimant, the amount of claim, and the date when presented". Construing this statute according to its ordinary meaning, this Court believes that all claims against the county, whether by voucher or other "original source document", must be filed directly with the clerk, not the controller, for processing. The present system does not satisfy this statute.

Defendant controller contends, however, that controlling the original source documentation is a

prerequisite to the fulfillment of his duties under the Uniform Budgeting and Accounting Act, MCL 141.421 *et seq.;* MSA 5.3228(21) *et seq.* Specifically, § 14 of that act provides that the controller, as chief administrative officer, shall have the final responsibility for budget preparation, presentation of the budget to the legislative body, and control of expenditures under the budget.

The clerk does not seek to usurp any of the statutory duties imposed upon the controller. He seeks only to perform the accounts payable function, the processing of claims that require board approval. Because the board reserves the discretion to allow or disallow claims, the clerk's function in processing the claims is ministerial in nature. On the other hand, the controller's duties are to implement and oversee a method of accounting in every county department. He is also required to examine the books and accounts of every department and report his findings to the board. In this manner, he assumes responsibility for the budget and expenditures thereunder. We do not believe that by allowing the clerk to perform the accounts payable function, the controller is necessarily precluded from fulfilling the duties imposed upon him by statute.

The next issue is whether plaintiff has the legal right to prepare and issue county checks, including payroll warrants. Plaintiff argues that because it is the county clerk's department that processes the claims, it is only logical that it be allowed to pay them. While this may be true, mandamus relief can only be granted upon the showing of a clear legal right in plaintiff to perform that function. We find the statutes silent on who is to perform the payment of claims except in one category. MCL 45.403; MSA 5.913 provides that the salaries of the county sheriff, undersheriff, county clerk,

county treasurer and register of deeds and their deputies "shall be paid monthly by the county treasurer, upon a warrant issued by the county clerk, but not until an itemized statement of all fees collected and paid over to the county treasurer, as aforesaid, has been sworn to and filed with the county treasurer and duplicate of the receipt thereof filed with the county clerk".

We further note that MCL 45.402; MSA 5.912 imposes a duty on these officers to keep a true and accurate account of all fees received by them in conjunction with their county duties and to pay the same over to the county treasurer. See *Cass County v Shattuck,* 288 Mich 555; 285 NW 454 (1939). Also, the failure to comply with either of these provisions may result in conviction of a misdemeanor. MCL 45.408; MSA 5.918.

When construing statutes, this Court will read the statutes in their entirety and harmonize all sections to create a consistent whole. *Bannan v City of Saginaw,* 120 Mich App 307; 328 NW2d 35 (1982). In *Gogebic, supra,* we construed § 3 of this act as stating that the county clerk shall *sign* the warrants for the payroll of these certain officers. 102 Mich App 265.

We note that § 3 provides for a system of checks and balances that protects against a county officer retaining both fees and salary when such an arrangement has not been authorized by ordinance or statute. Accordingly, we believe the Legislature intended to carve out in § 3 a procedure for the payment of salaries to these officers, separate and apart from whatever procedure is used for the payment of other claims against the county. Thus, in order to give effect to every part of the statute as far as possible, we take the holding in *Gogebic* one step further and conclude that the clerk is statutorily required to issue the warrants for these

officers, which in our view means to prepare, sign, and deliver them.

Plaintiff has not established a clear legal right to issue the remainder of the checks or warrants, however.

Plaintiff also maintains that the clerk must possess the cost classification ledger. Prior to 1975, the clerk's office maintained a cost classification ledger wherein it recorded the daily transactions of the county under the proper budget line item. The controller testified that a cost classification ledger is no longer maintained under his system of accounting. Plaintiff admitted he has never seen such a ledger.

Pursuant to MCL 46.13b; MSA 5.336, the controller must establish a system of accounting and must ensure that every officer and every department adheres to this system. The statute further provides that the controller may "prescribe and direct the keeping of such other accounts and records and the making of such reports as in his judgment are necessary to properly record and report the financial transactions of the county".

The statute *does not* mandate the maintenance of a cost classification ledger. Therefore, plaintiff cannot possess a ledger which does not exist and need not exist under the controller's established accounting system. Although the clerk is entitled to perform the accounts payable function, he must do so within the parameters of the accounting system established by the controller.

Plaintiff also contends that he must have control over the use of his signature on the county check protector. The trial court held that it was not aware of any statute which commands the county clerk to put his name on the county checks. This statement is obviously in error in light of our

holding in *Gogebic* that the clerk is required to sign the payroll checks of certain county officers. However, as we noted earlier in this opinion, this is the only statute which requires the signature of the clerk on county checks. While we assume that plaintiff can decline the use of his name on the county checks other than the payroll checks of these officers, plaintiff has stated, and we have found, no authority for the proposition that he must have control over the check protector.

Therefore, this aspect of plaintiff's complaint was properly denied.

Reversed in part and remanded. We retain no further jurisdiction.